JOHN W. TEEPEN, Respondent, v. L. G. TAYLOR, Appellant.

**Kansas City Court of Appeals, January 24, 1910.**

1. **FALLING WALL:** Negligence. The honest belief of the owner and the advice of others, that his standing wall is safe, is not the criterion by which to determine his liability to his neighbor for destruction of property resulting from the falling of the wall.

2. **PRESUMPTION ARISING FROM FALL OF THE WALL.** When it is shown that the wall fell upon the premises of the adjoining proprietor and injured his property, there arises a presumption of negligence and liability, and it devolves upon the owner to exculpate himself.

3. **NEGLIGENCE:** Latent Defect: Examination. One who permits a standing brick wall to remain after the building is burned, which falls upon the adjoining owner's premises and destroys his property, is liable in damages, unless the defect, or the cause of its fall, was so hidden and latent as not to be discoverable by a careful examination given by a prudent and careful man having in view the generally dangerous character of such structures.

4. ————: ————: Evidence: Experts. It is not proper to admit evidence that the witness thought the wall was safe. He should state its condition and let the jury decide the ultimate question.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas*, Judge.

AFFIRMED.

*E. Wright Taylor* and *Jos. S. Rust* for appellant.

(1) As to appellant's assignment of errors numbers 1, 2, 3 and 7, he respectfully contends that no negligence was charged against the defendant and that the proof failed to show any negligence on his part. All the proof goes to show that he used an unusually high

degree of care and caution with reference to ascertaining as to the safety of the wall. Turner v. Haar, 114 Mo. 335; Klebe v. Distilling Co., 207 Mo. 480. (2) Defendant's theory of the case was, and is, that the falling of the wall at the very most only made a *prima facie* case against him, that he was not an insurer of the safety of the wall, and that if, after a thoroughly and careful examination of the wall made, by himself and experts, he believed and had reason to believe that the wall was safe from falling, then he was not guilty of negligence and, therefore, not liable even though the wall did fall, and even though it may have been overthrown by a wind not so unusual as to come under the definition of "An act of God." (3) The court erred in giving instruction number one, asked by plaintiff, for the reason (1) That instruction erroneously defined "An act of God" to be an unprecedented occurrence, or certainly was so worded as to mislead the jury in that respect. (2) That instruction was erroneous, because it eliminated all questions of defendant's care and amounted to a peremptory instruction, if the wind storm in question was not an unprecedented wind. Flori v. St. Louis, 69 Mo. 341; Turner v. Haar, 114 Mo. 346; Powers v. Railroad, 158 Mo. 101; Fuchs v. St. Louis, 133 Mo. 204; Golath v. St. Louis, 179 Mo. 54. (4) Defendant's theory of the case was that he was not liable, except upon the ground of negligence, and whilst negligence might be presumed under certain circumstances from the mere falling of the wall, still it was only a *prima facie* presumption which he might overcome by showing that he had used all reasonable care to ascertain as to the safety of the wall and believed it to be safe, and the court erred in excluding the evidence tending to so show. That theory was embodied in defendant's instructions Numbers 8, 9 and 10, and they should have been given. Orr v. Bradley, 126 Mo. App. 146; Glover v. Mersman, 4 Mo. App. 90; Lyons v. Clark, 14 Mo. App. 74; Horner v. Nicholson, 56 Mo. 220; Tur-

ner v. Haar, 114 Mo. 335; Brod v. Transit Co., 115 Mo. App 202; Klebe v. Distilling Co., 207 Mo. 480; Lancaster v. Conn. Mut. Life, 92 Mo. 460; Scharff v. Const. Co., 115 Mo. App. 157; Brunke v. Tel. Co., 115 Mo. App. 36; Stone v. Hunt, 94 Mo. 481.

*Geo. R. Allen, J. W. Dana* and *Noyes & Heath* for respondents.

(1) Appellant makes seven assignments of errors. He has printed little or no part of plaintiff's testimony, and only such part of his evidence as suits his purpose. All of plaintiffs' evidence about the joint ownership of the property destroyed, and its value, is omitted, also the evidence showing that Sloan was not an independent contractor; and much other evidence, which was considered by the trial court in passing upon defendant's demurrers, and the instructions given and refused. Therefore we shall not consider appellant's first three assignments of errors; if he wanted the question of demurrers considered by this court, he should have printed all of the evidence in his abstract of record. The appellate courts of this State will not consider demurrers unless all of the testimony is printed. (2) The mere falling of a wall is presumptive evidence that it had been negligently constructed, or was unsafe. Scharff v. Construction Co., 115 Mo. App. 167; Turner v. Haar, 114 Mo. 347. (3) Plaintiffs were entitled to recover the actual or reasonable damages their property suffered. . Harrington v. Wilmington, 12 Atl. 779; Merrills v. Tariff Mfg. Co., 10 Conn. 384; Railroad v. Metcalf, 44 Neb. 848, 63 N. W. 51; State ex rel. v. Parsons, 109 Mo. App. 432.

ELLISON, J.—This is an action for damages alleged to have been caused to plaintiff's residence and furniture therein by a falling wall which had been standing on defendant's property. The plaintiff prevailed in the trial court.

It appears that the property of plaintiff and defendant adjoined. On plaintiff's was his residence and on defendant's a brick livery stable. In January, 1908, a fire destroyed the livery stable, but there remained standing a long and high brick wall next to plaintiff's property. The wall was left standing and unsupported except at the ends where portions of end-walls remained. Defendant intended to rebuild the stable. In about four weeks the wall toppled over onto plaintiff's property and damaged it greatly.

The defense is that the wall was. blown down by a windstorm of such unprecedented severity as to properly be designated the act of God, as that term is known to the law; and that defendant believed it to be safe. While the act of God would protect defendant, yet such facts should be shown as to bring the cause of the injury within that term and we do not think it was done in this case. The wind blew down the wall, but the evidence shows that while it was of some severity, yet it was not such as should not have been expected to occur and which frequently did occur. It is clear that the class of storm shown in evidence was not of such extraordinary character as to permit it to be designated as the act of God, and we will therefore leave out of further consideration that part of the contention between the parties.

The record discloses that defendant considered that if he was advised and believed the wall was secure and safe enough to be left standing then he should not be held liable for consequences resulting from his mistake. This was an erroneous theory. We said of a like contention in Orr v. Bradley, 126 Mo. App. 146, that it was not what the owner of the wall believed from advice of an architect. That "that was not a proper way to dispose of the question whether defendant was negligent. The question was one for the jury, who were to judge of his conduct as measured by that of an ordinarily prudent man in the same circumstances."

That statement of the law is supported by Cork v. Blossom, 162 Mass. 330; Beidler v. King, 209 Ill. 302; and Steppe v. Alter, 48 La. Ann. 363.

An owner of property, of course, has a right to erect a building upon it, but he must so use his own as not to injure his neighbor. He is not an insurer of his neighbor, and therefore is not liable for hidden defects in his structure that examination, care and prudence would not disclose. So, if, as in this case, he leaves standing a wall remaining from his burnt building, intending to use it as part of a new structure, though it may have been a part of a thoroughly secure building, yet he must see to it that in its less supported condition and its probable injury, more or less, from the fire, it is safe. He must use every endeavor to see that it is safe, or that it is made safe, that a prudent and careful man would use in a like situation, having in view all the time the dangerous character of such a structure, unless it is made secure. It is therefore apparent that the belief or good faith of the owner or his reliance upon what others told him is not the sole criterion by which the question shall be decided. The standard is, what would a careful and prudent man, in such situation, in charge of such a dangerous agency have done? [Cork v. Blossom, *supra;* Beidler v. King, *supra;* Steppe v. Alter, *supra.*]

What we have written covers all proper question made of the instructions. Those offered by defendant and modified by the court over his protest, were properly altered.

The effect of those given for the plaintiff was that in the wall falling upon plaintiff's property it would be presumed that it was unsafe and that the burden was upon defendant to exculpate himself; one of the instructions so stated in terms. This we think was proper and is supported by Turner v. Haar, 114 Mo. 335; Scharff v. Construction Co., 115 Mo. App. 157, and the authorities above cited. It is not inapt to say that

defendant destroyed plaintiff's property through an agency maintained by him and if there exists any reason absolving him from the duty of compensation he should bring it forward and make it known.

We have stated above that we did not consider the proof was sufficient to make a question whether there was an act of God. But the court in liberality towards defendant submitted the matter in proper form to the jury and we would accept the verdict even though the evidence in defendant's behalf had been of greater strength.

It is urgently insisted that errors were made to defendant's prejudice in the rulings on evidence, and defendant has furnished us samples of the character of evidence offered. It consists greatly in effort to substitute the judgment of the defendant and of the witnesses, for that of the jury. This is true both as to the questions concerning the nature of the wind and the character of the wall. The record discloses a continuous effort by counsel, resisted by the court, to have (in effect) the defendant and his witnesses instead of the jury, decide the question whether he was culpable. We think the rulings were based upon abundant authority. Jones on Evidence, vol. 2, p. 830, lays down the following rule: "Whatever liberality may be allowed in calling for the opinions of experts or other witnesses, they must not usurp the province of the court and jury by drawing those conclusions of law or fact upon which the decision of the case depends. Hence it would be improper to inquire whether, in view of the testimony given, a party had acted negligently or prudently, or with ordinary care, or whether certain acts constituted negligence." And this is supported by a long line of decisions in the supreme and appellate courts of this State, many of which will be found in plaintiff's brief.

There were a number of other suggestions made why the judgment should not stand, including an objection to the measure of damages; but an examination

of each of them leaves us without any reason to suppose the jury did not fully understand the case under proper direction from the court, and hence we affirm the judgment. All concur.