No. 19,316.

M. J. McKNIGHT, *Appellee,* v. THE STRASBURGER BUILDING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. PLEADINGS—*Motion for Judgment on Pleadings—Properly Overruled.* A motion of the defendant for judgment on the pleadings should be overruled where the petition states a cause of action and the answer thereto states one or more defenses and the reply denies each and every material allegation in the answer inconsistent with the allegations of the petition.

2. DAMAGES—*To Stock of Goods—Competent Evidence to Prove Value.* The aggregate value of a number of articles of personal property may be given in evidence when it is not within the power of the party producing the evidence to give detailed values because of the destruction of the property.

3. SAME—*Negligence—Incompetent Evidence.* When it is material to describe a past condition or occurrence it is not error to exclude evidence of what witnesses then thought of such condition or occurrence.

4. TRIAL—*Immaterial Instruction.* It is not error for a trial court to refuse to give an immaterial instruction.

5. CONTRACT—*Party Wall—Interpretation of Contract by the Court.* It is proper for the court to give the jury an instruction based on the correct interpretation of a contract set out in the pleadings, where the contract affects the rights and liabilities of the parties to the action.

6. TRIAL—*Proper Instruction.* It is proper to give an instruction based on evidence, although that evidence is slight.

7. PARTY WALL—*Negligence of Part Owner—Liability for Damages.* A part owner of a party wall who negligently permits it to stand unsupported and exposed to the weather after fire had destroyed the building, of which the wall formed a part, is liable to another part owner, who is using a part of the wall, for damages resulting to him from a falling of a portion of the wall which he is not using and over which he has no control.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed July 10, 1915. Affirmed.

*W. S. Hyatt, E. L. Burton,* and *George F. Burton,* all of Parsons, for the appellant.

*John Madden,* and *C. E. Cooper,* both of Parsons, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to recover damages for injury to a stock of goods caused by a falling wall. The plaintiff recovered judgment for $1077.62. The defendant appeals.

The plaintiff for several years prior to the injury complained of operated a store on property owned by and leased from E. L. Green. The defendant during the same time occupied and owned a building on adjoining property. The buildings were divided by a party wall made of brick. This party wall had been built under a contract between Green and The Mercantile Building Company, the predecessor of the defendant. This contract is as follows:

"This instrument, made this first day of February, A. D. 1902, by and between The Mercantile Building Company, a corporation, of Parsons, Kansas, of one part and E. L. Green and Helen L. Green, his wife, of the City of Parsons, of the other part, Witnesseth: That the said· The Mercantile Building Company is the owner of lots 8, 9, 10 and 11, in block 42, in the City of Parsons, Kansas, and said E. L. Green is the owner of lot 7, in said block 42, in said City of Parsons. The said The Mercantile Building Company has erected on it a two-story brick and stone building, the East wall of which building is of stone two feet thick, as high as floor of first story here footing course of proper width, and the first and second stories of said east wall of said building are of brick 18 inches thick; said wall has by agreement of said Mercantile Building Company and said E. L. Green, been constructed on such a line that one half of the width thereof rests on said lot 7 owned by said Green, and the other half on said lot 8 owned by said Mercantile Company.

"The said Green has erected a building on his said lot 7 and utilized a portion of said wall above mentioned and has paid the said The Mercantile Building Company in full for such amount of said wall utilized by him as rests on his said lot 7 and it is agreed that if at any time said E. L. Green, his heir or assigns, desires to extend his said .building and utilize any further portion of said wall erected by said Mercantile Building Company as aforesaid on the line between said lots 7 and 8, the said Green, his heirs or assigns, shall and may use said wall above referred to and shall pay to the said The Mercantile Building Company,

its successors, or assigns, one-half the cost of the construction of such amount of said wall referred to as is used by the owner of said lot 7 for the purpose of extending or adding to said building, erected on said lot 7, the amount so to be paid to become due and payable upon the completion of the extension or additions to said building on said lot 7 and such amount when so due shall be and become a lien upon said lot 7, and upon failure of the owner of said lot to pay the value of the additional wall used as aforesaid, the amount may be recovered in any court of competent jurisdiction by an action therefor and to foreclose said lien.

"In case of the destruction of said party wall by fire or any other cause, either of the parties hereto, their successors, heirs or assigns may reconstruct the same and in case same is utilized by the parties hereto or their successors, heirs or assigns they shall each pay one-half of the cost of the same as hereinbefore provided.

"The covenants and conditions of this agreement shall be construed as covenants running with the lien [land?] and shall be binding on the parties hereto, their successors, heirs and assigns, forever, and shall apply to and include the maintaining the said party wall."

The defendant's building was a two-story building covering four lots. Each building was 150 feet long. The front 104 feet of Green's building was two stories high, the rear 46 feet being one story high. On April 29, 1909, the defendant's building was entirely destroyed by fire. While this fire was in progress an explosion of gas occurred in Green's building, then occupied by the plaintiff, which greatly damaged it. There were explosions of gasoline and chemicals in the defendant's building. Green repaired his building. The defendant did not rebuild. That part of the party wall immediately above the one-story part of the Green building was left standing without support or braces. On May 10, 1912, a severe windstorm occurred in Parsons, and during this storm this part of the wall was blown down. It fell on the one-story part of the Green building, crushing it and causing damage to the plaintiff's goods, for which this action was brought. The storm was a severe one, breaking down some trees and the limbs off of others, blowing out windows, blowing down signs, stopping street-car traffic, and unroofing some of the buildings in the city.

(1) The defendant's first complaint is that the court erred in denying its motion for judgment on the pleadings. The petition alleges that the defendant negligently allowed the portion of the wall that fell to remain without braces or support after having been greatly damaged by fire and explosions. The answer denies that the defendant was negligent, alleges

that by reason of the party-wall contract, a copy of which is attached to the answer, the defendant is not liable to the plaintiff, and that the injury was caused by an act of God. The reply to the defendant's answer denies each and every material allegation in the answer inconsistent with the allegations of the petition. The reply is not verified. The defendant argues that because the reply is not verified, the execution of the contract is not put in issue. This is correct, but the construction placed on the contract by the defendant is not thereby admitted to be correct. This admission does not give the defendant the right to judgment on the pleadings unless the contract shows that the plaintiff can not recover from the defendant in this action. Our interpretation of this contract is that Green had paid for that portion of the wall occupied by him, and that upon his making additions or extensions to the building he should pay the cost of construction of such amount of the wall as would then be occupied by him, and that he had no control over that part of the wall not occupied by him. Green occupied but a portion of the party wall. He did not occupy the part that fell.

Further argument is that the allegation of the answer, that the injury was caused by an act of God, is not inconsistent with the petition and therefore is not denied by the reply. We do not agree with the defendant in this contention. If the petition states a cause of action, and this part of the answer states a defense thereto, such answer, so far as it states a defense, is inconsistent with the allegations of the petition. On the motion for judgment the petition and reply should be liberally construed, and we must hold that a reply which denies all the allegations of the answer inconsistent with the petition puts in issue the defenses set up in the answer, unless otherwise admitted.

(2) The defendant complains that the court admitted improper testimony on behalf of the plaintiff. The plaintiff testified that he had certain articles in the show window, but could not give a list or the number of the articles or the value of the specific articles, for the reason that the articles had been blown out of the window when the wall fell. He was then permitted to testify to the aggregate value of the articles in the window. It was the best evidence that the plaintiff could

then produce, and we think was admissible. In *Sumner v. Blair*, 9 Kan. 521, this court said:

"Each case must depend, to a great extent, upon its own facts and circumstances, and upon the discretion of the court; the rule being that the best evidence of which the case, in its nature, is susceptible, must be produced." (p. 529.)

(See, also, 17 Cyc. 468.)

There was no error in the admission of this evidence, under the circumstances.

(3) It is contended that the court struck out material and competent testimony. The chief of the fire department, a witness for the plaintiff, testified on cross-examination: "I tore down all the walls that I thought were dangerous. Not that night, however, the next morning." This was stricken out by the court. A witness for the defendant testified that he thought the building in which his office was located was falling, and that it seemed to him that the building moved several inches. This was also stricken out. It was not error to strike out the testimony showing what these witnesses thought during or immediately after the transactions concerning which they testified.

(4) Complaint is made of the refusal of the court to instruct the jury "that any construction placed upon the party wall contract by the Mercantile Building Company and E. L. Green, prior to the time that the defendant acquired Lot Eight (8) in Block Forty-two (42) of the City of Parsons, did not bind the defendant unless it was proved that defendant had knowledge of such construction of said contract." We fail to see the materiality of this instruction. The trial court had the contract, and could and did construe it; and we have the contract before us, and can and do put our construction on it.

(5) The defendant contends that the court misdirected the jury in a material matter of law. The court instructed the jury that Green was only the owner of that part of the wall which he had used and paid for, and that it was necessary for them to find what interest Green had in the party wall. As we construe the contract, Green, the plaintiff's lessor, had no interest in any part of the party wall not occupied by him. This being the contract, the instruction complained of was correct.

McKnight v. Building Co.

(6) It is contended that the court instructed the jury concerning a question on which there was no proof. The court submitted to the jury the question of the wall being rendered dangerous on account of exposure to the weather. The defendant's brief recites enough evidence to justify instructing the jury on this question.

(7) The last contention is that the verdict of the jury is contrary to the evidence. The defendant states that under this head it will discuss the demurrer to the plaintiff's evidence. The proper determination of this question turns on the construction of the party-wall contract. We have given our construction of this contract. This was the construction placed thereon by the trial court. With this construction, the whole of the argument of the defendant fails.

"A failure to use ordinary care to guard against the falling of a wall injured by fire renders the owner thereof liable for injuries caused thereby to adjoining property." (1 C. J. 1211.)

One of the headnotes to *Beidler v. King,* 209 Ill. 302, 70 N. E. 763, in 101 Am. St. Rep. 246, is as follows:

"A part owner of a party-wall who negligently permits it to stand after its partial destruction and weakening by fire is liable to another part owner who is using part of the wall for damages resulting to the latter from a falling of another portion of the wall in which he has no interest and is not using."

(See, also, *Sessengut, Administratrix, v. Posey,* 67 Ind. 408, 33 Am. Rep. 98; *The City of Anderson et al. v. East,* 117 Ind. 126, 19 N. E. 726, 2 L. R. A. 712, 10 Am. St. Rep. 35; *Glover v. Mersman,* 4 Mo. App. 90; *Teepen v. Taylor,* 141 Mo. App. 282, 124 S. W. 1062; 30 Cyc. 791.)

The judgment is affirmed.