FREDERICK KOESTER v. THE BOARD OF COMMISSIONERS OF ATCHISON COUNTY *et al.*

COUNTY HIGH SCHOOL—*Valid Statute.* Chapter 147, Laws of 1886, an act to authorize the establishment and maintenance of county high schools, is not in conflict with ₹ 2, article 6, of the constitution, nor with the first clause of ₹ 17 of article 2.

*Error from Atchison District Court.*

THE opinion states the case.

*B. F. Hudson,* for plaintiff in error.

*H. M. Jackson,* for defendant in error Chas. H. Krebs, as County Clerk; *Seneca Heath,* for defendant in error Board of Commissioners.

Opinion by STRANG, C.: Action of injunction commenced in the district court of Atchison county, August 5, 1889, to

restrain the board of county commissioners of said county from levying a tax for the erection and maintenance of the county high school at Effingham, in said county, and to restrain the county clerk of said county from placing such tax upon the tax-rolls of the county. Separate answers were filed by the defendants, and separate replies thereto. Afterward, on the 23d day of September, the defendants filed a joint motion to set aside the temporary injunction, and the same was heard upon oral testimony and other evidence, and on September 30 the court sustained the motion of defendants and set aside and dissolved the injunction. The case comes to this court on the exception of the plaintiff to the order of the court dissolving said injunction.

Plaintiff desires to be heard only upon one question, the constitutionality of the statute under which the tax sought to be restrained is authorized. The plaintiff alleges that the law of 1886 (chapter 147) is unconstitutional, because, first, it is in violation of § 2, article 6, of the constitution; and second, because it conflicts with the first clause of § 17 of article 2 of the constitution. Section 2, article 6 of the constitution, reads as follows: "The legislature shall encourage the promotion of intellectual, moral, scientific and agricultural improvement, by establishing a uniform system of common schools, and schools of a higher grade, embracing normal, preparatory, collegiate, and university departments." Plaintiff says the constitution in this section provides for two systems of schools — a system of common schools, and a higher grade of schools, normal and preparatory schools, and colleges and universities — and that the county high school provided for by chapter 147, Laws of 1886, falls within neither class. We think the county high school, as provided for in the laws of 1886, falls within that clause of § 2, article 6, which says, "and schools of a higher grade," and is therefore specially provided for in said section; but if that were not so, there is nothing in the section of the constitution pointed out forbidding such schools as are provided for in the law of 1886, the county high school. The constitution declares that the legis-

lature shall establish a common-school system, and provide
schools of a higher grade, embracing normal and preparatory
schools, colleges and universities, but it does not attempt to
inhibit the creation of other schools.   The concern of the con-
stitution-makers does not seem to have been to provide against
the danger of too many schools, but to secure a common-school
system principally, and also other schools of a higher grade.
We do not think the law of 1886 violates § 2 of article 6 of
the constitution of Kansas.

The first clause of § 17 of article 2 reads as follows: "All
laws of a general nature shall have a uniform operation
throughout the state." It is argued that the law of 1886,
creating the county high school, is in conflict with the above
provision of the constitution, because it is a law of a general
nature, and does not have a uniform operation throughout
the state, in that it does not apply to all the counties in the
state alike. It is true the act does not apply to all the coun-
ties in the state at once. It applies to a class of counties; but
its operation is uniform as to all the counties in the state with-
in the class therein named. The right of the legislature to
classify with respect to counties, cities and otherwise, has
never been challenged. Cities are classified as cities of the
first, second and third classes. The legislature has frequently
classified the counties of the state for the purpose of fixing
the fees and salaries of county officers, which the legislature
has established upon the basis of population, fixing the salary
at a certain sum in a class of counties having a certain popu-
lation, and at a different sum in a class of counties having a
greater or less population, and this court has held that the
salary of a county officer may be so regulated. (24 Kas. 41.)
We are of the opinion that the argument that the act of 1886
is in conflict with the first clause of § 17 of article 2 of the
constitution, is not good. (76 Cal. 439.)

We therefore recommend that the judgment of the district
court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.