THE STATE OF KANSAS, *ex rel.*, v. L. H. FREEMAN *et al., Commissioners of Elk County, Kansas.*

No. 11,504.　( 58 Pac. 959.)

CONSTITUTIONAL LAW— *County High School.* The act of the legislature (ch. 189, Laws 1899) in arbitrarily establishing a high school and requiring its maintenance by the people of a county is not an unconstitutional interference with the rights of local self-government, nor is it invalid because the tenure of office of the trustees of such school is three years.

Original proceeding in mandamus. Opinion filed November 11, 1899. Peremptory writ allowed.

*W. A. McCausland,* county attorney, and *L. Scott,* for The State.

*Keeler & Hite,* for defendants.

The opinion of the court was delivered by

JOHNSTON, J : This is a proceeding to compel the county commissioners of Elk county to carry out the provisions of chapter 189, Laws of 1899, ''An act to establish a high school at Howard, Elk county, Kansas.'' Two of the commissioners declined to appoint a board of trustees as the act required, on the alleged ground that it is an unconstitutional interference with the right of local self-government. The contention made in their behalf is that the county cannot be compelled to build and maintain a high school without the consent of those who are required to pay for it, and that the legislature exceeded its power when it attempted to impose such a task and burden upon them. No express prohibition of such legislation is called to our attention, and no inherent or fundamental right implied in the constitution, that we know of, is violated. The matter of education is one

of public interest which concerns all the people of the state, and is therefore subject to the control of the legislature. Municipalities and political organizations are the creations of state authority, and are all within legislative control. While education is a matter of state interest and public concern, the high school being especially beneficial to the people of the community in which it is established, the burden of maintaining it may be rightfully cast upon them. It is conceded that the legislature has full power to compel local organizations of the state to maintain common schools, and as schools of a higher grade are authorized by the constitution (art. 6, § 2 ), no reason is seen why such organizations may not be compelled to maintain high schools. (*Koester v. Comm'rs of Atchison Co.*, 44 Kan. 141, 24 Pac. 65.)

The power of the legislature in this respect was carefully examined in the case of *The State, ex rel., v. Comm'rs of Shawnee Co.*, 28 Kan. 431, and it was sustained in an elaborate opinion delivered by Justice Brewer. It was held that it was competent for the legislature to establish a state road and cast the cost and expense thereof upon the county in which the road lies, without the consent of the officers or people of the county, and in like manner that it might require a county to build a certain kind and number of bridges at specified places, another county to open roads in particular localities, and another to build public buildings ; and that for these and other public purposes the counties or other municipalities could be required to levy a tax and make other provisions for the payment for such improvements. If the obligations which the municipalities are required to assume and discharge are for institutions and necessities of purely public concern, and for which taxes

may ordinarily be levied, the power of the legislature in respect to them is supreme, and its determination, if reached by constitutional methods, is not subject to review. The matter of establishing schools is certainly a public purpose, and the case at bar falls within the cited case, with which decision we are entirely satisfied. ( See also *Eichholtz v. Martin,* 53 Kan. 486, 36 Pac. 1064 ; *Glass v. Billings,* 59 id. 776, 53 Pac. 125.)

The only other objection is that the tenure of office fixed for the trustees of the high school is three years, and is therefore obnoxious to section 3, article 9, of the constitution. That section provides that county officers, except county commissioners, shall hold their offices for a term of two years, and it is contended that the trustees are county officers, and therefore within this limitation. The special act establishing the high school at Howard provides for the appointment of trustees by the county commissioners at their first regular session after the taking effect of the act. No specific provision is made as to the election of their successors, but it does provide that the school when established shall be governed in all respects in accordance with the general law of the state relating to county high schools. Assuming, however, that the terms provided for trustees in the general act (ch. 147, Laws 1886 ; Gen. Stat. 1897, ch. 64, § § 1–19 ; Gen. Stat. 1899, § § 6229–6246) control, the trustees are not county officers within the meaning of that provision of the constitution. The only function of these trustees is the management of the school, and they are officers of the school rather than of the county. Under the general law, a high school cannot be established in all the counties of the state, but only in counties having more than 6000 inhabitants, and not in any of

them unless a majority of the electors shall vote in favor of the establishing of such school.

The constitutional limitation in question applies to such officers as are common to all the counties of the state, and not to peculiar and anomalous officers that may be created and whose duties may be the control of a particular institution within the county. Like the officers who govern other educational institutions of a higher grade, a trustee of a high school is exceptional in character and his duties pertain wholly to the institution for which he is appointed. They are no more county officers than are the principal and others who are appointed to conduct the high school. Some duties are imposed by the act on the officers of school districts, but that certainly does not make them county officers, and yet they hold their offices like the trustees of the high school for a term of three years. Their functions are performed within the township and county, and yet their tenure of office is longer than that fixed by the constitution for either county or township officers. Being exceptional in character, the offices fall within the limitation of section 2, article 15, of the constitution, which provides that "the tenure of any office not herein provided for may be declared by law. When not so declared such office shall be held during the pleasure of the authority making the appointment; but the legislature shall not create any office the tenure of which shall be longer than four years." The term provided does not exceed that limitation, and hence the objection cannot be sustained.

The act being valid, the peremptory writ of mandamus will issue as prayed for by the plaintiff.