Donahue, J.
It is contended upon the part of the plaintiff in error that the legislation under which this proposed indebtedness is to be incurred does not conform to the provisions of Section 11 of Article XII of the Constitution of Ohio, which section reads as follows:
“No bonded indebtedness of the state, or any political subdivisions thereof, shall be incurred or renewed, unless, in the legislation under which such indebtedness is incurred or renewed, provision is made for the levying and collecting annually by *153 taxation of an amount sufficient to pay the interest on said bonds, and provide a sinking fund for their final redemption at maturity.”
It is insisted that, because the board of trustees of The Cincinnati Southern Railway has no authority to make provision for interest and sinking fund purposes, it is necessary that the city council of the city of Cincinnati should pass an ordinance making provision for the levying and collecting annually by taxation of a sum sufficient to pay the interest on these bonds and to provide a sinking fund for their final redemption at maturity before these bonds can be lawfully issued. While it is true that the board of trustees of The Cincinnati Southern Railway has no authority to make or provide for such levy, yet it by no means follows that it is necessary for the city council to supplement the statute, under authority of which these bonds are proposed to be issued, by an ordinance providing for such a levy. The act of March 5, 1913 (103 O. L., 112), provides, among other things, that the bonds to be issued under authority of the act of May 17, 1911 (102 O. L., 111), “shall be secured by a pledge of the faith of the city and a tax in addition to all other taxes for municipal purposes which shall be annually levied by the council of said city on the real and personal property returned on the grand levy sufficient to pay the interest thereon and to provide a sinking fund for their final redemption." This is the legislation under which this indebtedness is incurred, and this legislation conforms in letter and spirit to the provisions of Section 11 of Article XII of the Constitution of this *154 state. This act is equally mandatory upon the council of the city of Cincinnati, not only as now constituted but as may be constituted at any time during the life of these bonds, as any ordinance the present city council could now pass.
While it is true that the city council is required to levy this tax, yet it does not necessarily follow that it has the discretion to levy or refuse to levy the same. It may be required to make this levy as an agency of the governmental powers of the state without regard to its official judgment as to the necessity.
State Board of Health v. City of Greenville, 86 Ohio St., 1; Bd. of Comrs. of Champaign County v. Church, etc., Admr., 62 Ohio St., 318; State v. Freeman, 61 Kans., 90; State, ex rel., v. Williams, Treas., 68 Conn., 131; People, ex rel., v. Mayor, 51 Ill., 17.

Judgment affirmed.

Nichols, C. J., Shauck, Johnson, Wanamaker and Newman, JJ., concur.