No. 23,974.

John F. Oberhelman, *Plaintiff*, v. James E. Larimer, as County Auditor, and the Board of County Commissioners of the County of Shawnee, *Defendants*.

### SYLLABUS BY THE COURT.

.1. High-school Tuition—*Pupil Residing in High-school District—Sent to Adjoining District—County Not Liable for Tuition.* The parent of a high-school pupil, both residing in a rural high-school district operating an accredited high school, cannot send the pupil to another high school and compel the county to pay the tuition therefor under section 1 of chapter 239 of the Laws of 1921.

2. Mandamus—*Plaintiff Has Adequate Remedy at Law—Motion to Quash Allowed.* Section 2648 of the General Statutes of 1915 provides an adequate remedy in the ordinary course of law where a county auditor refuses to approve a claim against the county and where the county commissioners refuse to allow the claim and cause a warrant to be drawn on the county treasury therefor.

Original proceeding in mandamus. Opinion filed February 11, 1922. Motion to quash allowed. -

*Frank G. Drenning,* of Topeka, for the plaintiff.

*Tinkham Veale,* county attorney, and *Ralph H. Gaw,* assistant county attorney, for the defendants.

The opinion of the court was delivered by

Marshall, J.: By this action, the plaintiff seeks to compel the county auditor to approve the claim of the plaintiff and to compel the county commissioners to allow it and cause a warrant to be issued for it on the county treasury in the sum of $7.50 for tuition paid by the plaintiff for his daughter, Estella Oberhelman, who had been attending the high school in the city of Topeka and, with the plaintiff, is a resident of the Silver Lake rural high-school district in Shawnee county. An alternative writ was issued, and a motion to quash that writ has been filed. The questions now presented arise on the motion to quash.

1. Can the plaintiff prevail in this action? This question must be answered by a construction of the statutes governing attendance at high schools and the payment of tuition therefor. The Barnes high-school law, sections 9320-9330 of the General Statutes of 1915, with the subsequent amendments thereto, must be examined. Section 9326 read:

"Tuition shall be free in all such high schools to pupils residing in the county where such schools are located."

That section was amended by chapter 289 of the Laws of 1917, but the language quoted was repeated in that act. Chapter 289 of. the Laws.of 1917 was amended by chapter 239 of the Laws of 1921, and the part of the act quoted was made to read as follows:

"That tuition shall be free in all high schools to pupils residing in the county where high schools are located."

The last amendment, modified, however, by the restrictions contained in the act, made all high schools free to pupils residing in the county without regard to the law under which the high schools were organized. The Barnes high-school law does not provide for the organization of high-school districts and does not apply to cities having more than 16,000 inhabitants, nor to counties having a county high school. That law does provide for assistance by the county in the support of high schools that have been or will be regularly organized. Under the Barnes high-school law, as originally enacted, a pupil residing anywhere in the county could, without paying tuition, attend any high school supported by the county. A rural high-school law was enacted in 1915. (Laws 1915, ch. 311, Gen. Stat. 1915, §§ 9347-9357.) Section 10 of that act (Gen. Stat. 1915, § 9356) provides that "tuition in a rural high school shall be free to all pupils residing in such high-school district." The Silver Lake high-school district must have been organized under that law.

Chapter 289 of the Laws of 1917, as amended by chapter 239 of the Laws of 1921, introduced a new element into the Barnes high-school law, as follows:

"Whenever a community is remote from or is not convenient of access to a high school already in operation, and there is not a sufficient number of pupils of high school advancement in such community to organize and maintain another high school, the board of county commissioners shall upon recommendation of the county superintendent of public instruction, pay the tuition, not exceeding two dollars per week or fraction thereof, for such pupil

of high-school advancement in the most convenient high school to such community, but within the county or in the county adjacent thereto."

This language restricts the operation of the law to a pupil who resides outside of a high-school district having a high school in operation and who resides within a community without a sufficient number of pupils of high-school advancement to organize and maintain another high school. The language does not mean that a pupil living in a high-school district that is maintaining a high school to which the pupil has the right to go without the payment of tuition, can, on account of inconvenience go to another high school more convenient, and the county be compelled to pay the pupil's tuition in the latter high school. If this construction of the statute be not correct, a crippled high-school pupil who uses crutches to assist him in walking and whose parents might be too poor to assist him in going to and from school, might, on account of the inconvenience in walking, if he could make arrangements in another high-school district, attend the high school in the latter district and the county be compelled to pay the tuition therefor; if this construction of the statute be not correct, any high-school pupil living in any high-school district in a county, who might find it more convenient to attend some other high school in the county, may attend the latter high school, and the county be compelled to pay the tuition therefor, although the pupil might be living within a very short distance of the school building in the district of his residence; and if this construction of the statute be not correct, the majority or all of the pupils resident in one high-school district might attend the high school in any other district and the county be compelled to pay their tuition. None of these conditions is contemplated by the law. The law, rightly interpreted, means that a high-school pupil shall attend school in the district in which he resides and that he cannot attend school in any other district and have his tuition paid by the county. If the community in which the pupil resides is without a high school and there is a sufficient number of pupils of high-school advancement in the community to organize and maintain another high school, the pupil cannot go to any high school and compel the county to pay the tuition therefor.

2. Even if the alternative writ alleged facts sufficient to constitute a cause of action in mandamus, the motion to quash the writ should be sustained, because the plaintiff has a "plain and adequate remedy in the ordinary course of the law." (Civ. Code, § 715.) The

defendants request that, if their motion to quash be denied, they be allowed time in which to answer. This indicates that questions of fact would be presented. This court is not as well equipped to try questions of fact as the district court. The remedy by mandamus in this court is not as complete as the remedy provided by law in matters of this kind. Section 2648 of the General Statutes of 1915 provides for an appeal from an order of a county auditor disapproving a claim and from the order of the board of county commissioners disallowing it. A plain remedy is thus provided by statute; it is adequate because it goes to a court that is thoroughly competent and equipped to try all matters of fact and of law that are presented; it is simple, any intelligent person can understand it; it is direct without complicated pleadings; it is quick because the appeal must be perfected within thirty days; and it is complete because the district court tries the whole matter and the cause may be submitted to a jury. The action is then one for the recovery of money, and a jury is a matter of right.

The motion to quash the writ is allowed, and judgment is rendered in favor of the defendants.