No. 24,627.

ALBERT W. BLAKE, a Minor, by ROLLA A. BLAKE, His Next Friend, *Plaintiff*, v. THE BOARD OF EDUCATION OF THE CITY OF PARSONS, *Defendant*.

SYLLABUS BY THE COURT.

MANDAMUS—*Asking Free Tuition in City High School—Writ Denied—Construction of Statute*. The statutory provision that "tuition shall be free in all high schools to pupils residing in the county," being found in an amendment of a section of the "Barnes high-school law" (which does not apply to counties having a high school established under an earlier law, and which requires a favorable local vote to put it in force in any county), is to be regarded as incorporated therein and is without effect except in counties where that act has been adopted and where no such county high school has been established.

Original proceeding in mandamus. Opinion filed November 16, 1922. Writ denied.

*Payne H. Ratner,* of Parsons, for the plaintiff.

*W. D. Atkinson,* of Parsons, for the defendant.

The opinion of the court was delivered by

MASON, J.: Albert W. Blake, a resident of a rural district of Labette county, 14 years of age, brings this original proceeding in mandamus against the board of education of the city of Parsons (situated in that county and having more than 16,000 inhabitants), asking that it be required to admit him as a pupil to its high school, without his paying tuition. The case is submitted for final disposition upon a motion to quash the alternative writ, the allegations of which are conceded to be true.

The decision turns upon the construction of what is known as the Barnes high-school law, as now amended. That law provides for the levy of a separate tax by the county commissioners for the support of high schools qualifying its graduates for entrance to the state university, maintained by school districts and cities having less than 15,000 inhabitants. The original act contained a section reading, "Tuition shall be free in all such high schools to pupils residing in the county where such schools are located." (Gen. Stat. 1915, § 9326.) This section was amended in 1917 by adding several provisos. (Laws 1917, ch. 289, § 1.) In 1921 it was again amended, the most important change being the striking out of the word "such"

in the sentence quoted. The portion of the section which is here material in its present form reads as follows:

"That tuition shall be free in all high schools to pupils residing in the county where high schools are located: . . . *And provided further,* That whenever a community is remote from or is not convenient of access to a high school already in operation, and there is not a sufficient number of pupils of high-school advancement in such community to organize and maintain another high school, the board of county commissioners shall upon recommendation of the county superintendent of public instruction, pay the tuition not exceeding two dollars per week or fraction thereof for such pupil of high-school advancement in the most convenient high school to such community, but within the county or in the county adjacent thereto: *Provided further,* That the county commissioners shall pay such tuition from the general fund of the county where such pupil resides." (Laws 1921, ch. 239, § 1.)

There is a county high school at Altamont, in Labette county, established under a statute antedating the Barnes act, but this being twenty-five miles from the plaintiff's home is not convenient of access to him. Nor is any high school in the county except that in Parsons, which although nine miles distant is easily reached by highway and interurban car service. The school district and community in which the plaintiff lives has no high school, and has not sufficient pupils to maintain one. He therefore brings himself within the provisions of the statute and is entitled to attend the high school at Parsons unless that result is prevented by the fact that the Barnes law has not been adopted in that county and by a provision of that act reading: "Cities having more than sixteen thousand inhabitants and counties having heretofore established county high schools, or which may hereafter establish county high schools under the laws now in force, shall be exempt from the operation of this act" (Gen. Stat. 1915, § 9328), which has never been changed, except by the ·substitution of 15,000 for 16,000. (Laws 1921, ch. 240, § 1.)

As already stated, the section of the statute of 1921 which contains the provision in terms making all high schools free to pupils residing in the county in which they are located is an amendment of a section of the original law and must therefore be regarded as incorporated therein, and must be interpreted as if it had been enacted at the same time as the other provisions of that law, whether new or old, and as a part of the same statute. (26 A. & E. Encycl. of L. 712, 713; 36 Cyc. 1164, 1165.) Doubtless this rule of construction would not justify a departure from the actual intention of the legislature as determined by a consideration of all it has said on the

subject. The clause under consideration, however—"tuition shall be free in all high schools in the county"—has a field of operation when considered as a part of a law which becomes practically operative only as it is given effect in a particular county by a vote of the people. The original Barnes law provided that (in counties adopting it) "tuition shall be free in all *such* high schools to pupils residing in the county"—that is in all high schools organized under that law. The result of striking out the word "such" is that now (in counties that have adopted the Barnes law) pupils may, without the payment of tuition, attend any high school in the county of their residence, under whatever statute it may have been organized. But we hold that in counties—such as Labette—in which the Barnes law has not been adopted the provision as to free tuition in all high schools is not in force. It follows from the same reasoning that such provision cannot be operative in a county having a county high school organized under a law in existence when the Barnes law was passed. Whether in a county which had properly adopted the Barnes law tuition in a high school of a city of more than 15,000 inhabitants would be free to pupils in the county to whom no other high school was conveniently accessible need not be determined.

In a county in which provision is not otherwise made (as by the Barnes law or the existence of a county high school) for free high-school tuition for every resident qualified pupil, such a pupil who lives in a district having no accredited high school may attend the nearest high school at the expense of the part of the county not maintaining high schools. (Gen. Stat. 1915, § 9361.)

It is quite possible that in enacting that "tuition shall be free in all high schools to pupils residing in the county," subject to certain restrictions referred to in *Oberhelman v. Larimer*, 110 Kan. 587, 204 Pac. 687, the legislature actually intended to relieve the situation of a pupil the exercise of whose legal right to attend a county high school was prevented by its distance from his home, but if so that end was defeated by the insertion of such provision in a law that required a vote of the people of a county to make it operative there.

A decision to the contrary, which was originally announced and later recalled, was due to a misreading of the record, with the result that the Barnes law was assumed to be in force in Labette county.

The writ asked for is denied.