No. 24,815.

CLIFFORD CAREY et al., *Appellees*, v. THE BOARD OF EDUCATION OF THE CITY OF BELLEVILLE et al., *Appellants*.

SYLLABUS BY THE COURT.

HIGH SCHOOLS — *Admission of Nonresident Pupils* — *Payment of Tuition* — *Statute Valid and Constitutional.* Chapter 314 of the Laws of 1915, as amended by chapter 242 of the Laws of 1921, an act relating to the admission of nonresident pupils in high schools in certain counties, and providing for the payment of the tuition of such pupils, is held not to be so ambiguous or inconsistent in its provisions as to be incapable of enforcement and invalid; that when enforced its operation will not be so oppressive, unfair and unjust as to render it invalid; and further, that it does not violate the provision of the constitution requiring uniformity and equality in the imposition of taxes; is not obnoxious to section four, of article eleven, nor does it violate the fourteenth amendment to the federal constitution.

Appeal from Republic district court; JOHN C. HOGIN, judge. Opinion filed April 7, 1923. Affirmed.

*N. J. Ward*, and *John F. McClure*, both of Belleville, for the appellants.
*W. D. Vance*, and *R. E. McTaggart*, both of Belleville, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: The board of education of the city of Belleville and its officers were enjoined from discharging the plaintiffs from the Belleville high school for nonpayment of an additional tuition charge. Defendants appeal.

The case was submitted on facts alleged in defendants' answer and upon which there is no dispute. An accredited high school with a four-year course is being maintained by the board of education of the city of Belleville, a school district of Republic county. There are enrolled in the high school one hundred and seventy pupils, fifty-three of whom reside in Republic county, but not within the Belleville school district. There is no other class "A" accredited high school in Republic county, and the plaintiffs reside outside of the district but in other districts of the county where there is no high school, and in communities where there are not a sufficient number of high-school pupils to organize and maintain another high school. Some of them do reside near to other high schools which are outside of Republic county. It is conceded that the plaintiffs are minors, having the qualifications to enter and attend the high school,

are now in attendance there, and are insisting that they are entitled
to attend without the payment of the added tuition charge.  It is
also admitted that the board of county commissioners of Republic
county has levied and is collecting a tax to pay for the tuition of
nonresident high-school pupils in accordance with the provisions
of chapter 314 of the Laws of 1915, being sections 9361, 9362, 9363
and 9364 of the General Statutes of 1915, as amended by chapter
242 of the Laws of 1921.

The right of plaintiffs to high-school privileges in the district is
based upon a section of the statute cited which reads as follows:

"In every county in this state in which provision is not otherwise made for
free high-school tuition for every qualified pupil residing in said county, any
pupil residing in any school district which does not maintain a high school
with a four-year course accredited by the state board of education shall be
admitted to any accredited high school in said county, on presentation of a
common-school diploma signed by the county superintendent of public instruc-
tion and certifying that said pupil has completed the course of study pre-
scribed by the state board of education for elementary rural or graded school;
and the tuition of such pupils shall be paid as hereinafter provided: *Provided,*
That any pupil residing in any school district, which does not maintain a high
school with a four-year course accredited by the state board of education
shall, if he desires, be admitted to the high school nearest his residence in the
county of his residence or adjoining county; whether such high school main-
tain a four-year course or less and his tuition shall be paid in the same manner
and from the same fund as provided when attending an accredited high school
maintaining a four-year course."  (Laws 1915, ch. 314, § 1; Gen. Stat. 1915,
§ 9361).

Defendants contend that the statute is so ambiguous and incon-
sistent in its provisions as to be incapable of enforcement, that its
operation would be oppressive and unjust, and that if applied to the
present situation would violate provisions of the state and federal
constitution.  It may be granted that the act is not free from am-
biguity, but if it is open to interpretation or admits of two con-
structions, one of which will destroy it and the other preserve and
give effect to the manifest intention of the legislature, it is the duty
of the court if it is reasonably possible, to adopt the latter con-
struction.  (*Young v. Regents of University of Kansas,* 87 Kan.
239, 124 Pac. 150.)  The obvious purpose of the legislature was that
pupils residing in districts not having an accredited high school
should be given free high-school privileges at public expense and to
that end prescribed entrance qualifications and provided a fund to
pay the tuition of such pupils.  It is said that the provisions of the

act are contradictory in that one part of the section provides that nonresident pupils "shall be admitted to any accredited high school in said county," and the latter part that the pupil "shall, if he desires, be admitted to the high school nearest his residence in the county of his residence or adjoining county; whether such high school maintains a four-year course or less." It is contended that it is impossible to determine from the language used whether the pupil must attend the high school nearest his residence or is given the option to attend any accredited high school in his county or the high school nearest to him, in that or an adjoining county, maintaining a shorter course than four years. It is said that, by one clause, the pupil may attend any high school with long or short courses, while another provides that he is limited to the high school nearest his residence. The purpose of the act evidently is that free highschool privileges shall be accorded to every pupil desiring to avail himself of a high-school education. A qualified pupil may attend any accredited high school in the county with a four-year course if he chooses to do so; in case he resides in a district maintaining a high school with a shorter course, he may claim the right of attending any accredited high school with a four-year course. Assuming that there might be pupils who did not desire or were unable to take and complete a four-year course, the legislature provided that they might attend a high school with a shorter course in their own or adjoining county, but in that case they were limited to the one nearest to their places of residence. The terms of the act indicate a purpose to encourage an advanced, or high-school, education by providing that those whose circumstances or location did not admit of taking the full course, might be induced to take the shorter course in a school near to them and where they could most conveniently attend. It was the evident design that they should be encouraged to take as much training as it was practically possible for them to obtain. To that end and for the convenience of the pupils, the legislature enacted that the pupils should be admitted to the high school nearest to their residence, whether it was in their own or in an adjoining county, and regardless of whether less than a four-year course was given in the school. As to these pupils the tuition was to be free, the same as if they had attended the accredited high school, and the districts wherein they attended were to be paid from the same fund that is provided for the tuition of those attending the accredited high school with a four-year course. In this view of the act its

provisions are not inconsistent, and that was substantially the interpretation placed upon it in *Blake v. Board of Education*, 112 Kan. 266, 210 Pac. 351.

It was next urged that so construed the act would operate unfairly and oppressively in that nonresident pupils from all parts of the county might demand admission to the defendant high school so that it might become overcrowded, and also that the expense of providing facilities and instruction for nonresident pupils might greatly exceed the revenue derived from the levy made by the board of county commissioners under chapter 242 of the Laws of 1921. This is a problem for legislative consideration, and presumably the legislature has given attention to the matter of facilities and the cost of providing them for the nonresident pupils. It has created a school system for the state, of which the defendant is a part. It is an auxiliary organization of the state and all of its powers and rights have been acquired from the state, and it can only exercise them in accordance with the conditions annexed by the legislature. It is subordinate to the legislative will, and it may require school districts to impose taxes, erect buildings, employ teachers and fix the conditions upon which pupils shall be admitted to the schools. The matter of the maintenance of common and high schools is not a matter of mere local interest but is one of state concern, and the legislative power in respect to such schools is supreme. (*The State v. Freeman*, 61 Kan. 90, 58 Pac. 959.) If the conditions imposed upon the district prove to be too burdensome an appeal should be made to the legislature and not to the courts. So far as the present case is concerned it does not appear that the buildings of the defendant district are overcrowded, nor yet that its facilities are insufficient to care for the nonresident pupils, and it was for the legislature to determine the amount of compensation which the district should receive for the facilities and instruction furnished to such pupils. It cannot be held that the measures provided are so burdensome, oppressive or unjust as to invalidate the act.

It is further contended that the act violates the constitutional provision requiring a uniform and equal rate of taxation. The contention is that it imposes a burden upon the district not only for pupils within the district but also to maintain schools for the benefit of those outside of the district, and therefore there is a lack of uniformity and equality. It is enough that the tax to be raised for the purpose shall be uniform and equal within the taxing district.

For the purpose of the act the county is the unit of taxation. The county superintendent is required to certify to the county commissioners the number of qualified nonresident pupils in the county for whom provision is to be made, and the amount necessary to pay for the tuition of such pupils. It is then made the duty of the county commissioners to levy a tax upon all the taxable property of the county, excluding the districts in which high schools are maintained. (Laws 1921, ch. 242.) The classification appears to be just, and a lack of uniformity or equality in the taxing district is not apparent. (*The State, ex rel., v. French,* 111 Kan. 820, 208 Pac. 664.)

There is no ground either for the contention that the act is obnoxious to section four of article eleven of the constitution, which provides that:

"No tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same; to which object only such tax shall be applied."

While the action is not an attack upon the levy of a tax, it may be said, in response to the objection that the tax to provide a fund for the purpose named, is to be levied in pursuance of a general law in which the object was stated and the tax is to be applied to that purpose. (*The State, ex rel., v. French,* supra.)

We discover no merit in the contention that the act as it is interpreted infringes the fourteenth amendment to the federal constitution.

The judgment is affirmed.