No. 24,842.

S. P. BURLING, *Plaintiff*, v. J. S. TREMBLEY, Director, et al., Rural High-school District No. 1, Reno County, *Defendants*.

SYLLABUS BY THE COURT.

HIGH-SCHOOL DISTRICT—*Admission of Nonresident Pupils—Payment of Tuition.* A nonresident of a high-school district in a county operating high schools under chapter 247 of the Laws of 1921 is not entitled to have his children attend such high school without paying tuition where it does not appear that there is not a sufficient number of pupils of high-school advancement in his community to organize and maintain another high school, although he owns real property in the high-school district and pays taxes thereon.

Original proceeding in mandamus. Opinion filed June 9, 1923. Writ denied.

*F. L. Martin,* of Hutchinson, for the plaintiff.

*W. A. Huxman,* and *Charles S. Fulton,* both of Hutchinson, for the defendants.

The opinion of the court was delivered by

MARSHALL, J.: This case is heard on its merits on the application of the plaintiff for a peremptory writ of mandamus. The defendants say that the statement of facts contained in the brief of the plaintiff is correct. That statement is as follows:

"Rural high-school district No. one, with more than sixteen square miles of territory organized under chapter 284 of the session Laws of 1917, has its rural high-school building in the City of Arlington, Kansas, a city of the third class with a population of less than 500. S. P. Burling has three children of proper school age attending the rural high school. He owns 843 acres of land in the rural high-school district and not within the limits of the city of Arlington and 320 acres of land out of an adjoining said district and not within the city of Arlington, about four miles from the schoolhouse. He lives with his family on this 320 acres and the three children attend school from home.

"All the high schools in Reno county are operating and receiving taxes from the high-school fund under chapter 247 of the Laws of 1921. The rural high-school district board served notice upon the plaintiff that his children would be excluded from the school, unless he paid tuition of $5 for each pupil. This application is for a peremptory writ of mandamus requiring the school board to permit the plaintiff's children to attend school without paying tuition.

"The Reno county high school at Nickerson, is more than twenty miles from his home and it is not practical for his children to attend school there and live at home. By reason of the distance, it is more convenient for them to attend school in the rural high-school district where he pays taxes on 883 [843] acres of land."

The question for determination is: Are the plaintiff's children entitled to attend school in the defendants' district without paying tuition?

The high-school laws of this state are in confusion. The law generally known as the "Barnes high-school law" was enacted by the legislature of 1905 as chapter 397 and finds its place in the General Statutes of 1915 as sections 9320-9329. It has been amended in a number of matters not material here. It was amended in 1923 by House bill No. 660, the first part of which reads:

"That tuition shall be free in all high schools established pursuant to sections 9320, 9321, 9322, 9323, 9324, 9325, 9326, 9327, 9328, and 9329 of the General Statutes of Kansas for 1915 to pupils residing in the county where such high-school law is in force."

That act became effective March 24, 1923. This action was commenced January 31, 1923. The defendants are not operating under the "Barnes high-school law."

The defendants' district was organized and is operating under chapter 284 of the Laws of 1917, which contains no provision concerning tuition, but which is an amendment of certain sections of the rural high-school law passed in 1915 shown in the General Statutes of 1915 as sections 9347-9357. Chapter 284 of the Laws of

1917 amended sections 9347, 9348, 9349, 9351, 9352, 9354, and 9355 of the General Statutes of 1915, but left unamended and unrepealed sections 9350, 9353, 9356, and 9357. Section 9356 in part reads:

"Tuition in a rural high school shall be free to all pupils residing in such high-school district and nonresident pupils qualified as herein provided may be admitted, but not to the exclusion of any resident pupil, on the payment of a tuition fee fixed by the high-school board."

Section 8 of chapter 284 of the Laws of 1917 reads:

"In any county in which the provisions of chapter 397 of the Laws of 1905 [the "Barnes high-school law"] with amendments thereto, shall, at the time when this act takes effect or thereafter, be in force, the provisions of said chapter 397 of the Laws of 1905, with amendments thereto, and chapter 272 of the Laws of 1911 shall apply to any rural high-school district formed in such county in accordance with the provisions of chapter 311 of the Laws of 1915 and acts amendatory thereof or in accordance with this act, in the same manner as is provided for school districts and cities: *Provided,* That the rural high-school board may levy a tax as provided in section 3 of this act for the purposes therein mentioned to supplement the amount which may be apportioned to said rural high-school district from the county high-school fund."

It does not appear that the Barnes high-school law has been adopted in Reno county. If that law has not been adopted, section 8 of chapter 284 of the Laws of 1917 does not apply to the defendant district.

The plaintiff cites section 8919 of the General Statutes of 1915. That section in part provides:

"That the children of any property owner owning land in any adjoining school district, other than in towns and incorporated cities, may have the privilege of attending school in such adjoining district without extra expense and tuition, when such school is more convenient by reason of distance from the school of the district in which they live."

This statute is a part of the law governing district schools. It is not a part of any high-school law and does not have any application to this controversy, unless this language "in the same manner as is provided for school districts and cities," contained in section 8 of chapter 284 of the Laws of 1917, applies. A property owner, nonresident of a school district in which he owns property, is entitled, under section 8919 of the General Statutes of 1915, to send his children to school in that district. Section 9356 of the General Statutes of 1915 gives rural high-school boards the right to collect tuition from nonresident pupils. As between section 8919 of the General Statutes of 1915, enacted in 1905, and section 9356, enacted

in 1915, the latter must control. The result is that the plaintiff does not, under section 8919, have the right to send his children to school in the defendants' school district without payment of tuition.

Chapter 397 of the Laws of 1905, the "Barnes high-school law," and chapter 272 of the Laws of 1911 should be examined. The latter has no application to this case. Section 7 of chapter 397 of the Laws of 1905 (Gen. Stat. 1915, § 9326) reads:

"Tuition shall be free in all such high schools to pupils residing in the county where such schools are located."

That section was amended in 1917 by chapter 289, and was again amended by chapter 239 of the Laws of 1921, so as to make it read in part as follows:

"That tuition shall be free in all high schools to pupils residing in the county where high schools are located: *Provided,* . . . that whenever a community is remote from or is not convenient of access to a high school already in operation, and there is not a sufficient number of pupils of high-school advancement in such community to organize and maintain another high school, the board of county commissioners shall upon recommendation of the county superintendent of public instruction, pay the tuition not exceeding two dollars per week or fraction thereof for such pupils of high-school advancement in the most convenient high school to such community, but within the county or in the county adjacent thereto."

That law was before this court in *Oberhelman v. Larimer,* 110 Kan. 587, 204 Pac. 687, where the plaintiff was seeking to compel Shawnee county to pay the tuition of his child who desired to attend the Topeka high school. It was there stated that chapter 239 of the Laws of 1921 is restricted in its operation to "a pupil who resides outside of a high-school district having a high school in operation and who resides within a community without a sufficient number of pupils of high-school advancement to organize and maintain another high school." (p. 589.)

The children of the plaintiff do not come within this law for the reason that it does not appear that there is "not a sufficient number of pupils of high-school advancement" in the community in which they live "to organize and maintain another high school."

*Blake v. Board of Education,* 112 Kan. 266, 210 Pac. 351, ought to be examined. The court there said:

"The statutory provision that 'tuition shall be free in all high schools to pupils residing in the county,' being found in an amendment of a section of the 'Barnes high-school law' (which does not apply to counties having a high school established under an earlier law, and which requires a favorable

local vote to put it in force in any county', is to be regarded as incorporated therein and is without effect except in counties where that act has been adopted and where no such county high school has been established." (Syl.)

Reno county has a county high school.

The plaintiff cites chapter 247 of the Laws of 1921 and argues that it contemplates that tuition in high schools shall be free in those high schools coming under the operation of that law. The defendant school district is operating under that law, but the law relates to the assessment and distribution of taxes, not to the admission of pupils in the rural high schools. It is not in conflict with section 9356 of the General Statutes of 1915, nor with chapter 239 of the Laws of 1921, and does not repeal either statute, nor any part of either.

The conclusions here reached are consistent with *Oberhelman v. Larimer*, 110 Kan. 587, 204 Pac. 687; *Blake v. Board of Education*, 112 Kan. 266, 210 Pac. 351; and *Carey v. Board of Education*, ante, p. 398, 214 Pac. 792.

The plaintiff is not entitled to the relief that he asks and the writ of mandamus is denied.