WRIGHT, Appellant, *v.* BROWNING HIGH SCHOOL DIST., Respondent.

No. 9132.

Submitted January 17, 1952. Decided February 14, 1952.

240 Pac. (2d) 862.

Mr. Wesley W. Wertz, Helena, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Robert L. Word, Jr., Special Asst. Atty. Gen., Mr. Lloyd A. Murrills, County Atty., Cut Bank, for respondent.

Mr. Randall Swanberg, Great Falls, Mr. Otto T. Habedank, Sidney, amici curiae.

Mr. Wertz and Mr. Word argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiff who resides in School District No. 9 of Glacier county and who is a taxpayer therein brought this action to restrain defendant from issuing bonds in the sum of $200,000 and for a declaratory judgment declaring Chapter 275, Laws of 1947, void and declaring that defendant has no legal existence and hence no authority to issue bonds.

The facts are set out in the pleadings and in legal effect are agreed to.

The important facts are succinctly set forth in the court's findings of fact, substantially as follows: That on or about December 6, 1949, the county commissioners of Glacier county, together with the county superintendent of schools, passed a resolution dividing Glacier county into two high school districts, one of which is defendant Browning High School District; that defendant district is composed of common school districts 1, 7, 8, 9 and 50 of Glacier county; that on April 7, 1951, the qualified electors of defendant district, by a majority vote, authorized the issuance and sale of bonds by defendant district in the amount of $200,000 for the purpose of

buying a site, building and equipping a high school; that plaintiff is a taxpayer residing in district No. 9; that district No. 9 has an outstanding indebtedness in the sum of $42,500; that defendant district has no indebtedness; that if the proposed indebtedness of $200,000 is divided among the school districts comprising defendant high school district in proportion to the assessed valuation in each district and the portions so allocated to each district are added to the existing indebtedness of each district, respectively, the total indebtedness of each will be less than five per cent of the value of the taxable property therein.

The district court concluded that Chapter 275, Laws of 1947, and the amendments thereto are unconstitutional only so far as they attempt to permit or authorize the creation of an indebtedness by a high school district in the full amount authorized by section 6 of Article XIII of the Constitution without reference to the indebtedness of the common school districts comprising such high school district.

The district court found that defendant Browning High School District is a valid and subsisting school district composed of common school districts Nos. 1, 7, 8, 9 and 50, and that defendant may issue bonds so long as the indebtedness of the high school district, when divided among the common school districts comprising said Browning High School District in proportion to the assessed valuation in each such district and portions thus divided are added to the existing indebtedness of each such district respectively, does not exceed five percent of the assessed valuation of the taxable property in any of such common school districts. The district court denied the restraining order. From the judgment entered plaintiff has appealed.

Chapter 275, Laws of 1947, is very similar to Chapter 47 of the Twenty-third Extraordinary Session of 1933-34, and which became sections 1301.1, et seq., R. C. M. 1935.

The most important difference between the two is that Chapter 275, by its express terms, undertakes to grant authority to the high school districts there provided for to incur indebted-

ness to the full amount permitted by section 6 of Article XIII of the Constitution, irrespective of the debt of the common school districts comprising the high school district.

When Chapter 47, supra, was before this court in Pierson v. Hendricksen, 98 Mont. 244, 38 Pac. (2d) 991, its validity as affected by section 6 of Article XIII of the Constitution was held not to be before the court because the record in that case revealed that the debt limit had not been reached. Other contentions that Chapter 47 was unconstitutional were likewise held without merit in State ex rel. Berthot v. Gallatin County High School District, 102 Mont. 356, 58 Pac. (2d) 264.

In House v. School District No. 4 of Park County, 120 Mont. 319, 184 Pac. (2d) 285, in a three to two opinion the majority sustained the right of a common school district to incur an indebtedness to the full extent authorized by section 6 of Article XIII of the Constitution without reference to the outstanding indebtedness of the high school district created under Chapter 275 and of which the common school district was a part.

The question again came before this court in Rankin v. Love, 125 Mont. 184, 232 Pac. (2d) 998, 1001. After that case was commenced but before it reached this court for decision, the three per cent constitutional limit of indebtedness was raised by amendment to five percent. The statutory limit was likewise changed to conform to the constitutional change. Chapter 65, Laws of 1951. The latter case expressly overruled the majority opinion in the House Case and held Chapter 275 invalid. As to the latter point the majority opinion in the Rankin Case said: "Contravening section 6 of Article XIII as it does, Chapter 275, Laws of 1947, R. C. M. 1947, secs. 75-4601 to 75-4606, is unconstitutional and is invalid."

Since the Constitution had been amended between the time the Rankin case was commenced and the time it was decided by this court, the case stood as did that of Pierson v. Hendricksen, 98 Mont. 244, 38 Pac. (2d) 991, viz., the record revealed that the debt limit had not been reached or exceeded. The

opinion might well have been based upon the Pierson Case exclusively, but it went further in view of the express language of Chapter 275 purporting to authorize the high school district to incur indebtedness to the full amount permitted by section 6 of Article XIII, irrespective of the debts of the common school districts comprising the high school district and held that Chapter unconstitutional as in contravention of section 6 of Article XIII. The opinion did not overrule that portion of Pierson v. Hendricksen, supra, which held such districts were legally constituted entities. Such districts were likewise by necessary implication held in both the Pierson case and the Rankin case to have authority to issue bonds and incur indebtedness so long as such indebtedness when apportioned among the common school districts in proportion to the assessed valuation of the property in each and this part added to the existing indebtedness of the common school districts respectively, did not bring the debt of any of the latter in excess of the limit prescribed by section 6, Article XIII, of the Constitution.

We now reaffirm the holding in the Pierson case and in the Rankin case to that effect.

The district court was right in denying the restraining order and in entering judgment in favor of defendants.

The judgment is affirmed. Remittitur to issue forthwith.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES BOTTOMLY and FREEBOURN, concur.

MR. JUSTICE METCALF: (Concurring in part).

I concur in the result.