LORANG, ET AL., APPELLANTS, v. HIGH SCHOOL DISTRICT ''C'' OF CASCADE COUNTY, ET AL., RESPONDENTS.

No. 9066.

Submitted May 1, 1952. Decided August 16, 1952.

247 Pac. (2d) 477

Messrs. Greenan & Manion, Mr. E. J. Stromnes, Messrs. Hall, Alexander & Burton, Great Falls, for appellants.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Robert L. Word, Jr., Sp. Asst. Atty. Gen., Mr. Ted James, County Atty., Great Falls, for respondents, and Mr. F. Orville Gray, Deputy County Atty., Great Falls, for respondents.

Mr. Edward C. Alexander, Mr. Gray and Mr. Word argued orally.

MR. JUSTICE BOTTOMLY:

This is an action to enjoin defendants from issuing and selling

bonds for the purpose of constructing a new high school building in defendant school district. The case was tried on an agreed statement of facts from which it appears that defendants, as trustees of high school district ''C'' of Cascade county, submitted the question of issuing the bonds in question to the qualified electors of the high school district; that at all times the board of trustees was acting pursuant to R. C. M. 1947, sec. 75-4601. It was stipulated, however, that there was not a compliance with Chapter 130, Laws of 1949, which in part provides: ''Said election [as to site] shall be held at the same time and in the same manner as the election to vote upon the question of issuing bonds for the construction of such new building.'' In other words, it is conceded that the question of voting for a site was not submitted at the same time as the question of issuing bonds.

The first contention made by appellants is that section 75-4601 is unconstitutional, and if this is so, that the individual defendants were not in fact and in law members of the board of trustees of defendant school district. The validity of section 75-4601 as against certain constitutional objections was upheld in Wright v. Browning High School District, Mont., 240 Pac. (2d) 862. The particular objection now made is to that part of section 75-4601 which reads: ''In any county having a high school the board of trustees of the county high school, if there be one, and the boards of trustees of any school districts maintaining district high schools, are hereby designated as the boards of trustees of the respective high school districts established under this act''.

It is the contention of appellants that since the trustees of the district in which the high schools are located will administer the school, rather than a board of trustees elected by all the qualified electors of the entire building district, it deprives them of their property without due process of law, in that they have no voice in selecting the board of trustees.

Unless the Constitution otherwise provides, the legislature may provide for the choosing of members of the board of

trustees of a school district as it sees fit. State ex rel. Walsh v. Hine, 59 Conn. 50, 21 A. 1024, 10 L. R. A. 83; State ex rel. McCausland v. Freeman, 61 Kan. 90, 58 Pac. 959, 47 L. R. A. 67; Minsinger v. Rau, 236 Pa. 327, 84 A. 902; 47 Am. Jur., Schools, p. 317, sec. 30.

In this state high schools constitute a part of our public school system and are administered by the trustees of the school district where they are situated. R. C. M. 1947, sec. 75-4101. As to a county high school, its affairs are administered by a board of trustees, six of whom are appointed by the board of county commissioners of the county and the county super-intendent of schools becomes ex officio the seventh member. R. C. M. 1947, sec. 75-4103. There is no constitutional pro-vision prescribing the manner of electing school trustees in this state. The entire matter is regulated by statute. R. C. M. 1947, secs. 75-1603, et seq. There is no merit in appellants' contention that they are denied due process of law by that part of section 75-4601, above quoted. If it is thought that injustice results from its operation, the remedy rests with the legislature. It is to be noted that the legislature has already made some pro-vision for representation on the board of trustees by outlying districts. See Chapter 188, Laws of 1951.

Contention is made that section 75-4601 is invalid as a special law, contrary to section 26 of Article V of the Constitu-tion. We fail to see any merit in this contention. The law is general in its application and the classification made by it is reasonable in the light of the purpose of sections 75-4601, et seq., which is limited to the construction, repair, improvement and equipment of buildings only. Compare State ex rel. Bray v. Long, 21 Mont. 26, 52 Pac. 645; and State ex rel. Fisher v. School District No. 1, 97 Mont. 358, 34 Pac. (2d) 522.

The next question raised is the effect of the failure to comply with section 2, Chapter 130, Laws of 1949, which provides that the election for the choosing of a site shall be held at the same time and in the same manner as the election to vote upon the question of issuing bonds. The district court held that this

208

provision of Chapter 130 is directory and not mandatory after an election and that the attack on the bond issue is untimely. There are cases which by analogy tend to support the trial court's view. See: Hendrickson v. Powell County, 112 Mont. 1, 112 Pac. (2d) 199; State ex rel. Graham v. Board of Examiners, 125 Mont. 419, 239 Pac. (2d) 283.

But there are exceptions to the above rule as set forth and ▮▮▮▮ approved by this court in Goodell v. Judith Basin County, 70 Mont. 222, 240, 224 Pac. 1110, 1116, as follows: "All provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose; but, after election, all should be held directory only, in support of the result, *unless of a character to effect an obstruction to the free and intelligent casting of the vote,* or to the ascertainment of the result, or *unless the provisions affect an essential element of the election,* or *unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void.'"* Quoting from Jones v. State ex rel. Wilson, 153 Ind. 440, 451, 55 N. E. 229, emphasis supplied.

Here the attack was brought before any election had been held as to the site.

Section 2 of Chapter 130, Laws of 1949, provides as follows: "Whenever, due to the condition of the high school building or buildings *or* to the location of the high school in the high school district, *or* to any other factors, it is deemed advisable by the board of trustees of any high school district *to construct a new building or buildings, the site for such new building* shall be left to a vote of the qualified electors of the entire high school building district. Said election *shall be held at the same time* and in the same manner *as the election to vote upon the question of issuing bonds for the construction of such new building.*" (Emphasis supplied.)

In spelling out the above section, we find it provides:

1. Whenever, due to the condition of the high school building or buildings;

2. Or to the location of the high school in the high school district;

3. Or to any other factors;

4. It is deemed advisable by the board of trustees of any high school district to construct a new building or buildings;

5. The site for such new building shall be left to a vote of the qualified electors of the entire high school building district;

6. Said election *shall* be held at the *same time* and in the same manner as the election *to vote* upon the question of issuing bonds for the construction of such new building.

There are no exceptions in this Act pertaining to a site already selected or to the site where a high school is *or had been* located. The mandate is: That, when the board of trustees deem it advisable to construct a new building or buildings the site therefor shall be left to a vote of the qualified electors of the entire high school building district.

It is obvious that the intent of the legislature as expressed in section 2 of Chapter 130, Laws of 1949, is to make it mandatory upon the school trustees that both the bond proposition and the site for the new building or buildings be submitted at the same time, thereby tying the bonds to the site. It will be observed and it is significant, that Chapter 130, Laws of 1949, is a new Act, and is not an amendment of an existing law. The title of said Act does not refer to a bond election but it does refer to the selection of the sites as follows, ''Providing for Selection of Sites for New High School Buildings''.

Here we have the express mandate of the legislature, requiring that the selection of the site for the new building or buildings shall be submitted to the qualified electors at the same time and in the same manner as the election on the proposed bond issue. By this Act, the legislature has set the policy, mode and procedure in this particular type of election and whether it is workable or whether it is good or bad legislation is not for the courts to determine. The court takes the law as the legislature has written it.

Since the site for the proposed new building was not submitted

▮ to the vote of the qualified electors at the same time and in the same manner as the election to vote upon the question of issuing bonds for the construction of such new building, there was not a compliance with the mandate of the legislature. The election on the·bond issue alone was without sanction of law and therefore was and is invalid.

Neither the lower court nor this court may fix a day for the election on the question of the site of the new .building or buildings at a different time than that of the bond election without rewriting section 2 of the Act and this the courts may not do.

Accordingly the order and decree of the district court are reversed, vacated and set aside and the cause is remanded with directions to enter judgment for plaintiffs in accordance herewith. Remittitur will issue forthwith.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICE FREEBOURN, concur.

MR. JUSTICES ANGSTMAN and METCALF (concurring in part and dissenting in part).

We concur in what is said in the foregoing opinion except with that part treating of Chapter 130, Laws of 1949. It is our view that its provisions require an election as to a site only when it is proposed to make a change in the location of the high school building. We think it was not contemplated by the legislature that a vote should be taken on a site when the district already has an established site.

We agree that when the question of the location of a site becomes an issue in the district it must be voted on at the same time and in the same manner as the election on the bond issue.