No. 26,162.

N. B. BAILEY, *Appellant*, v. THE CITY OF BALDWIN CITY, *Appellee.*

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*Prerequisites to Action for Injuries—Prospective Operation of Statute.* The provisions of R. S. 12-105 prescribing conditions upon which actions shall be maintained against a city for injury to person or property is interpreted to operate prospectively, and not to deprive parties of a remedy on existing rights or causes of action.

2. STATUTES — *Construction — Retroactive Operation — Construction Favoring Validity.* Where a statute is open to two interpretations, one of which would invalidate and the other uphold it, the court, if it is reasonably possible, should give it the latter construction.

Appeal from Douglas district court; HUGH MEANS, judge. Opinion filed November 7, 1925. Reversed.

*John J. Riling* and *Edward T. Riling,* both of Lawrence, for the appellant.
*C. A. Smart,* of Lawrence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Can an action against a city for personal injuries inflicted on May 23, 1922, through its negligence, be maintained without giving the notice required by R. S. 12-105, which became effective December 23, 1923?

In the original petition of plaintiff filed April 18, 1924, he alleged that the city had been maintaining electric wires carrying a high voltage along and across the streets of the city and had carelessly and negligently allowed them to be uninsulated and unguarded, and that plaintiff while placing a telephone wire above the uninsulated wires maintained by defendant on one of the streets, the telephone wire came in contact with the uninsulated wires of the city, causing him to suffer severe injuries, which were described. There was an allegation that plaintiff was unaware of the dangerous condition of the wires of the city, but that the city had had full knowledge of their dangerous condition for several months prior to the accident. He alleged that on December 5, 1923, he presented his claim to the city, a copy of which is as follows:

"I, the undersigned, present this, my claim against Baldwin City, Kan., for damages sustained by me on the twenty-third day of May, 1922, on the corner

1. Municipal Corporations, 28 Cyc. p. 1450.   2. Statutes, 36 Cyc. p. 1112; 25 R. C. L. 787 *et seq.*

of Baker and Ninth streets, in Baldwin City, Kan. This claim is for the sum of twenty-five thousand ($25,000) dollars due me by reason of the carelessness and negligence of Baldwin City. Due to said negligence, I received permanent personal injuries at the time and place above stated, and by reason thereof, have expended money in the way of doctors' bills, have lost time at work, and have experiènced pain and suffering since receiving said injuries.

"N. B. BAILEY."

A demurrer to this petition on the ground of insufficient facts was sustained by the court. The plaintiff filed an amended petition on September 24, 1924, in which he added the allegation that on the day he received his injury he notified the city that he had been injured, giving the time, place and manner of the injury, and that the city, after an investigation made on that day, replaced the defective wires with one properly insulated and protected, and that the city was therefore advised as to the injury sustained, and the time, place and circumstances of the same. A demurrer to the amended petition was filed and afterwards sustained, and from that ruling the plaintiff appeals.

In support of the rulings of the court, it is contended that as the plaintiff had failed to give the written notice prescribed by R. S. 12-105, he was not entitled to maintain the action. That section provides:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three months thereafter, and prior to the bringing of the suit, file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto. Such city shall have thirty days from the time of the filing of such statement to make settlement with the claimant if it so desires."

This statute, which is made applicable to cities of every class, did not come into operation until the publication of the revision on December 27, 1923. The question presented here is whether the statute is applicable and controlling in the present case. It must be conceded that plaintiff has not complied with the requirements of the statute, and it was manifestly impossible for him to make compliance with them. He could not file the prescribed statement with the city clerk within three months after the injury since the statute did not become effective until about nineteen months after the injury. The city contends that plaintiff did not take any steps towards compliance with the statute after it had become effective. It is said that while part of the requirements were impossible, other

parts were possible, and that he had an opportunity to give a notice and statement of the injury after the law took effect. The statute, however, does not authorize notice or statement later than three months after the injury, nor does it make any provision for causes of action arising before it went into effect. There is no saving clause in it under which a reasonable time is afforded to persons having existing rights or causes of action, and in the absence of such a provision a notice or statement given after the provision became law would have been futile. For the injury sustained the plaintiff had a common-law right to recover damages from the party through whose negligence the injury was inflicted. The legislature had the power to fix conditions precedent to the maintenance of an action against the city, but a restrictive condition which did not allow a party a reasonable time after the enactment to bring an action for the enforcement of an existing right or to make compliance with prescribed conditions would be invalid. (*Auld v. Butcher,* 2 Kan. 135; *Relyea v. Tomahawk Paper & Pulp Co.,* 102 Wis. 301.) Here no time was allowed for the enforcement of existing rights, and as we have seen, the conditions imposed so far as plaintiff's rights were concerned were absolutely impossible. The fact that the legislature did not provide for existing causes of action strongly argues that the statute was not intended to operate on existing rights, and we cannot suppose it was intended to extinguish such rights by withholding any remedy to the party holding them. If it had been the purpose of the legislature to give the provision a retroactive effect it would certainly have allowed a reasonable time to enforce the right. We think the legislature intended that the statute should operate prospectively, and that the conditions mentioned were only to apply to injuries suffered after the law became effective.

The general rule is that statutes are to be interpreted as operating on cases or rights which arise after the statutes are enacted, and are not to be construed as operating retrospectively or as authorizing an interference with existing rights or cases unless the intention to so operate is expressly declared. In *Douglas County v. Woodward,* 73 Kan. 238, 84 Pac. 1028, it was said:

"Generally a statute will be construed as applying to conditions that may arise in the future. An act will not be given a retrospective operation unless the intention of the legislature that it will so operate is unequivocally expressed."

In *State v. Trust Co.*, 99 Kan. 841, 163 Pac. 156, the rule was restated as follows:

"It seems clear that the legislature intended that this statute was to operate prospectively. That would ordinarily follow not because a retroactive effect could not be given, but that such construction is never given unless the legislative intent to do so is clear and unequivocal."

The rule as stated by the supreme court of the United States is that:

"All statutes will be considered prospective, unless language expressly or by necessary implication requires other construction." (*Fullerton-Krueger Lumber Co. v. Northern Pac. Ry. Co.*, 45 Sup. Ct. 143, syl. ¶ 2. See, also, *Baldwin v. City of Aberdeen*, 23 S. D. 636.)

It is not reasonable to infer an intention of the legislature to extinguish a right or take away a remedy for an existing right. It is a general rule of construction that when a statutory provision is open to two interpretations, one sustaining it and another that would nullify it, the one which upholds the statute should be adopted. (*Commissioners of Cherokee Co. v. The State, ex rel.*, 36 Kan. 337, 13 Pac. 558; *Young v. Regents of State University*, 87 Kan. 239, 124 Pac. 150; *Carey v. Board of Education*, 113 Kan. 398, 214 Pac. 792.)

We conclude that the statute should be so construed as to operate prospectively and hence the rulings sustaining the demurrers to the original and amended petitions must be reversed.