No. 47,068

PAUL R. ANDERSON and MILDRED R. ANDERSON, husband and wife, and STANDARD PLUMBING INCORPORATED, a Kansas Corporation, *Appellees*, v. J. M. SCIFERS and SHIRLEY SCIFERS, husband and wife, and LAURENCE W. BLAKER, *Appellants*.

(512 P. 2d 864)

Opinion filed July 14, 1973.

*Donn J. Everett*, of Everett & Seaton, of Manhattan, argued the cause and was on the brief for the appellants.

*John F. Stites*, of Rogers, Stites and Hill, of Manhattan, argued the cause and was on the brief for the appellees.

*Per Curiam*: This is an appeal from a judgment against the defendants for damages caused by negligent maintenance of a party wall.

Plaintiffs and defendants owned adjoining buildings in Manhattan, Kansas. Defendants' building was two stories, plaintiffs' one. There was a common wall between the buildings into which the first floor and roof line joists of the one story building were inserted. This was the only manner in which the one story building was connected with the wall. Plaintiffs had no use of the second story portion of the wall.

Plaintiffs claimed that the facing of the common wall, above their roof line and on the second story level only, fell upon their building damaging the roof and merchandise in the interior. Defendants' amended answer did not deny the wall fell upon plaintiffs' building or the damage caused thereby or that they were responsible for the damage, but asked that the court declare them to be the owners of the entire wall by adverse possession.

At the trial all parties agreed that defendants had assumed responsibility for the maintenance of the wall before and after it fell, and that they were the sole owners of the wall above the first stories of the buildings. One of the defendants, J. M. Scifers, testified "I believed it was my wall and it was my responsibility to fix anything." There was no evidence of any agreement concerning the mutual use of the wall.

The judgment of the trial court gave plaintiffs damages; quieted

the title to the wall in defendants; granted plaintiffs an easement in the wall for the continued support of their floor and ceiling joists; and declared it the duty of defendants to maintain the portion of the wall above the area of the easement.

On this appeal defendants seek only to reverse the judgment for damages.

Appellants have admitted responsibility for maintenance of the wall, which includes a duty to maintain it properly. This duty imposes liability for the damages sustained by appellees. Cf. *McKnight v. Building Co.*, 96 Kan. 118, 150 Pac. 542; 60 Am. Jur. 2d, *Party Walls*, § 36.

The judgment is affirmed.