(616 P.2d 1080)
No. 50,652

WAYNE LAMBERT and ROSALEA LAMBERT, *Appellants,* v. CITY OF
EMPORIA, KANSAS; MARKOWITZ BUILDERS, INC.; J. TREVOR LEWIS &
ASSOCIATES; and MONTGOMERY WARD, *Appellees.*

Opinion filed September 12, 1980.

*Fred W. Phelps, Jr.,* of Fred W. Phelps—Chartered, of Topeka, for appellants.

*Merlin G. Wheeler,* of Emporia, for appellee City of Emporia.

*James P. Nordstrom,* of Fisher, Patterson, Sayler & Smith, of Topeka, for
appellee Markowitz Builders, Inc.

*John G. Atherton,* of Atherton, Hurt & Sanderson, of Emporia, for appellee J.
Trevor Lewis & Associates.

*Keith A. Greiner,* of Keith A. Greiner, Chartered, of Emporia, for appellee
Montgomery Ward.

Before FOTH, C.J., REES and PARKS, JJ.

REES, J.: An order of summary judgment was entered against
plaintiffs and in favor of the four defendants. Plaintiffs filed a
notice of appeal as to all defendants but later dismissed their
appeal as to the City of Emporia. We affirm the order of summary
judgment as to the remaining defendants, Markowitz Builders,
Inc., J. Trevor Lewis & Associates, and Montgomery Ward.

Plaintiffs and the City were adjoining landowners. There was a
one-story building on the property of each. The two buildings
shared a common or party wall. The roofing was continuous from
each building to the other; there was no physical interruption.

Markowitz, the building contractor for construction of a new
public library by the City, razed the City's building just prior to
or on Memorial Day weekend of 1977 while plaintiffs were out of

town. Plaintiffs were given no personal prior notice the City's building was to be razed.

Markowitz severed the roof at and along the City's side of the wall. No modification or improvements, temporary or permanent, were added to the City's side of the wall; it was left exposed to the elements. The evidence is that Markowitz did not damage or in any way alter the existing cosmetic or physical condition of the wall, of the roof directly above the wall, of the roof over plaintiffs' building, or of any other part of plaintiffs' building. Markowitz simply cut through the roof at the City's side of the wall and razed the City's building. At a later immaterial date, plaintiffs installed guttering and flashing along the edge of the severed roof.

It rained after the razing. When plaintiffs returned after the holiday weekend, they found their building had sustained interior water damage. This action was brought for recovery for that damage.

Lewis, an architectural firm, prepared and furnished the plans and specifications for the construction of the new library. Montgomery Ward had been occupying tenant of the City's building. Its lease was terminated and it vacated the premises some two months prior to the razing.

There is no contention discovery was incomplete.

Plaintiffs' petition alleged defendants "negligently and/or recklessly caused damage" to plaintiffs' property. Apparently at oral argument on the motions for summary judgment, plaintiffs argued the petition also stated a cause of action for nuisance. Although a cause of action for nuisance is recognized in Kansas (*Culwell v. Abbott Construction Co.*, 211 Kan. 359, 506 P.2d 1191 [1973]), negligent acts do not constitute a nuisance. To constitute a nuisance, the danger must be inherent in the thing itself beyond that arising from negligence in its use. *Gonzales v. City of El Paso*, 316 S.W.2d 176, 179 (Tex. Civ. App. 1958); *Walker v. City of Dallas*, 278 S.W.2d 215 (Tex. Civ. App. 1953); 58 Am. Jur. 2d, Nuisances § 135, p. 706. On the facts of this case, plaintiffs' action was for negligence only.

Plaintiffs allege that each of the remaining defendants was individually negligent. With respect to these defendants, there is no claim of vicarious liability. There is no claim of removal of lateral or subjacent support.

As in this case, a party wall ordinarily is a wall both connecting and dividing two adjacent buildings. It need not be exactly half on each party's land to be considered a party wall. It is used by the adjoining owners for all normal purposes without exclusive use by either. 2 Thompson on Real Property § 395, pp. 560-561 (1980). A party wall may arise by agreement, express or implied, by prescription or statute. Continued use of a dividing wall by adjoining owners may create a party wall by prescription. 2 Thompson on Real Property § 396, pp. 563-564 (1980). No party wall agreement was placed into evidence in this case, although reference to such an agreement seems to appear in plaintiffs' abstract of title to their property. We assume the wall to have been a party wall either by reason of agreement or prescription. The parties' contentions and arguments are founded upon that premise.

Cases uniformly hold that the owner of a building sharing a party wall may remove his building without liability to the adjoining owner so long as he gives notice of the removal to the adjoining owner and uses reasonable care to protect the structural integrity of the party wall and avoid damage to the adjoining owner's building resulting from the removal. This rule applies even though removal of the building leaves the party wall exposed to the elements or unsightly. *Gorman v. TPA Corporation,* 419 S.W.2d 722, 724 (Ky. 1967); *First Investment Co. v. State Fire Marshal,* 175 Neb. 66, 77, 120 N.W.2d 549 (1963); *Zaras v. City of Findlay,* 112 Ohio App. 367, 382-383, 176 N.E.2d 451 (1960); *Thompson v. DeLong, Appellant,* 267 Pa. 212, 110 A. 251, 9 A.L.R. 1326 (1920); *Cameron v. Perkins,* 76 Wash. 2d 7, 15-16, 454 P.2d 834 (1969); 2 Thompson on Real Property § 402, p. 596 (1980); 60 Am. Jur. 2d, Party Walls § 30, p. 297. *Cf. Third National Bank v. Goodlett Realty Co.,* 58 Tenn. App. 48, 60-61, 425 S.W.2d 783 (1967) (removal of building damaged party wall and liability ensued). The purpose of giving notice is to enable the adjoining owner to look to his own protection. *Gorman v. TPA Corporation,* 419 S.W.2d at 724; *Zaras v. City of Findlay,* 112 Ohio App. at 382.

The two Kansas party wall cases relied upon by plaintiffs are distinguishable. See *Anderson v. Scifers,* 212 Kan. 824, 512 P.2d 364 (1973); *McKnight v. Building Co.,* 96 Kan. 118, 150 Pac. 542 (1915). In each case there was a party wall between two build-

ings, one being two stories high and the other one story high. In each case the one-story building sustained damage when debris or parts of the second-story wall of the other building fell on it, and the owner of the two-story building was held liable for damages to the one-story building. These cases do not support plaintiffs' fundamental contention that liability exists for mere exposure of a party wall.

Plaintiffs' claims of negligence must be considered with the duties owed to them kept in mind. The duties of the City, as an adjoining owner, were to give notice of demolition of its building and to use reasonable care to protect the party wall and plaintiffs' building. Markowitz, Lewis and Montgomery Ward had no duty to give plaintiffs notice of the demolition; that is an adjoining owner's duty. Plaintiffs' appeal as to the City having been dismissed, neither the question of notice nor the question of the City's possible failure to exercise reasonable care is before us. The question for our resolution is whether sufficient facts were established to withstand the summary judgment motions of the remaining defendants.

The substance of plaintiffs' allegations against Markowitz is that it failed to notify plaintiffs of the demolition, and it failed to take proper steps to prevent exposure of the party wall to the elements. As a matter of law, the record does not support recovery against Markowitz on either count.

In his deposition, Wayne Lambert was asked what specific acts of negligence he attributed to Markowitz. He answered: "I think specifically going up with a chain saw and hacking into a roof leaving it exposed to the elements and the weather." At oral argument, plaintiffs conceded that neither by this nor otherwise is it claimed Markowitz damaged plaintiffs' roof. The quoted statement taken in context simply refers to the severing of the roof between the two adjoining buildings with a chain saw.

We find it indicated in the record that when the roof between the two buildings was severed, a gap between the ceiling and roof of plaintiffs' building was exposed. The gap was not created by Markowitz; it was left exposed as a consequence of Markowitz' removal of the City's building and exposure of the party wall. Markowitz had no duty to give notice of the razing and no liability for mere exposure of the party wall.

Plaintiffs allege Lewis negligently failed to inspect the party

wall; failed to determine the type of wall it was; failed to provide proper plans and specifications for demolition; and failed to oversee and supervise demolition of the building. These allegations are of substance only insofar as they relate to Lewis' participation in exposure of the party wall. To recover against Lewis there would at least need to be failure by it to use reasonable care to protect the party wall and plaintiffs' building. No liability existing for mere exposure of a party wall or for Markowitz' conduct, summary judgment in favor of Lewis was proper.

Plaintiffs allege Montgomery Ward caused holes to be put in the party wall by erecting shelves, racks and displays on the party wall during its occupancy of the City's building. In his deposition, plaintiff Wayne Lambert stated he observed shelves, racks and displays on the wall but was unsure how they were attached. Montgomery Ward may or may not have caused holes to be put in the party wall. If it did, to conclude there was a causal relation between the holes, water leakage into plaintiffs' building and plaintiffs' property damage is pure speculation. The surface of the party wall in plaintiffs' building was covered by paneling. The paneling was never removed to determine the location or locations of entry of outside water. Plaintiffs expressed the *speculation* the leaks were in the exposed roof area and at ground level. The discovery evidence fails to establish an actionable case of negligence against Montgomery Ward.

In similar vein, the record evidence is insufficient to support a judgment against Markowitz for the reason that to find plaintiffs' property damage resulted from the failure of Markowitz to cover the exposed gap between the ceiling and roof of plaintiffs' building would be only speculation. Accordingly, we need not and do not decide as a matter of law that Markowitz' failure to cover the exposed gap was not a violation of his duty to use due care.

In summary, plaintiffs have not established facts sufficient to support a judgment for recovery of their property damage. Their underlying complaint was that the party wall was left exposed without their knowledge. The notice of demolition requirement was removed from consideration by voluntary dismissal of the City. No actionable tortious conduct is attributable to the remaining defendants on the record presented.

Affirmed.