No. 62,036

GAIL Y. STEVENSON, *Appellant,* v. CITY COUNCIL OF THE CITY OF TOPEKA, KANSAS, and THE CITY OF TOPEKA, *Appellee.*

(781 P.2d 689)

Opinion filed October 27, 1989.

*Paul D. Post,* of Paul D. Post, P.A., of Topeka, argued the cause and was on the brief for appellant.

*James E. Switzer,* of Payne & Jones, Chartered, of Overland Park, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a tort action. Gail Stevenson appeals the district court's dismissal of her personal injury claim for her

failure to observe the notice requirements of K.S.A. 1987 Supp. 12-105b(d).

This controversy arose from the following facts. On July 23, 1985, Gail Stevenson stepped into a hole where a parking meter had been removed in downtown Topeka. As Stevenson stepped into the hole she fell forward, causing injury to both knees which required surgical repair.

On June 24, 1987, Stevenson's attorney sent a letter to the Topeka City Attorney, notifying him of the July 23, 1985, incident and Stevenson's claim for damages. The City Attorney did not respond to the demand letter. Stevenson filed her negligence petition against the City Council of the City of Topeka (City Council) and the City of Topeka (City) on July 21, 1987.

The City Council and the City filed a motion to dismiss the petition on November 25, 1987, based upon Stevenson's failure to comply with K.S.A. 1987 Supp. 12-105b. The district court held, upon hearing, that Stevenson was required to file notice of a claim against the City with the City Clerk and her failure to do so was a violation of K.S.A. 1987 Supp. 12-105b(d). On February 8, 1988, the district court dismissed the suit because the statute of limitations had run.

The Court of Appeals affirmed the district court ruling in an unpublished opinion filed February 10, 1989. We granted review and reverse.

The first issue on appeal is whether K.S.A. 1987 Supp. 12-105b(d), which requires notice to the clerk of a municipality before a tort claim is filed, applies in this case. In 1987, the Kansas Legislature amended K.S.A. 12-105b by adding the following paragraph:

"(d) Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. The notice shall be filed with the clerk or governing body of the municipality and shall contain the following: (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested. In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim. The contents of such notice shall not be

admissible in any subsequent action arising out of the claim. Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first. A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the interested parties have reached a settlement before the expiration of that period. No person may initiate an action against a municipality unless the claim has been denied in whole or part. Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, if compliance with the provisions of this subsection would otherwise result in the barring of an action, such time period shall be extended by the time period required for compliance with the provisions of this subsection."

This statute became effective on July 1, 1987—prior to the time Stevenson filed her petition on July 21, 1987, but subsequent to July 23, 1985, the date her tort claim accrued. Therefore, whether Stevenson was required to follow the notice provisions of K.S.A. 1987 Supp. 12-105b(d) depends on whether the statute applies to a cause of action that has accrued but which has not yet been filed.

A general rule of statutory construction is that a statute operates prospectively unless there is clear language that it will operate retrospectively. *Davis v. Hughes,* 229 Kan. 91, 101, 622 P.2d 641 (1981); *Nitchals v. Williams,* 225 Kan. 285, 290, 590 P.2d 582 (1979). This rule, however, is modified if the statutory change is procedural only and does not affect substantive rights of the parties. In such circumstances, procedural changes are given retrospective effect. 225 Kan. at 291.

In *Jones v. Garrett,* 192 Kan. 109, 114-15, 386 P.2d 194 (1963), we defined procedure as the manner and order of conducting suits—in other words, the mode of proceeding to enforce legal rights. We further stated that, when a change in law affects a law of procedure, "all rights of action will be enforced under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether or not the suit has been instituted, unless there is a savings clause as to existing legislation."

In summary, K.S.A. 1987 Supp. 12-105b(d), previously quoted, requires a prospective plaintiff to file a written notice with the clerk or governing body of a municipality within the statute of limitations provided in the code of civil procedure. The notice

shall contain specific facts upon which a claim is based. K.S.A. 1987 Supp. 12-105b(d) does not create a right, nor does it affect substantive rights of the parties. The statute applies only to causes of action which arise under the Kansas Tort Claims Act. Clearly, K.S.A. 1987 Supp. 12-105b(d) defines the procedure in which to enforce legal rights under the Tort Claims Act.

Although K.S.A. 1987 Supp. 12-105b(d) is procedural, it should be given retrospective application only if such retrospective operation will not affect a vested right of a party. In *Jackson v. American Best Freight System, Inc.*, 238 Kan. 322, 325, 709 P.2d 983 (1985), we held that, once a plaintiff's claim is barred by the statute of limitations, it cannot be revived by the passage of a longer statute of limitations. Defendants have a vested right in the statute of limitations defense when the claim becomes barred by the original statute of limitations. Because retrospective application of the statute would have modified a vested right of defense that existed prior to the effective date of the procedural statute extending the statute of limitations, such retrospective application was denied.

Based upon the ruling in *Jackson*, Stevenson argues that, had she given the notice required by K.S.A. 1987 Supp. 12-105b(d) to extend the statute of limitations for 120 days, the City's vested right in the statute of limitations defense would have been modified. In other words, Stevenson's argument is that if the statute is given retrospective application she could not successfully bring her claim because under the statutory extension of time the City could have successfully argued its vested rights had been affected. Therefore, Stevenson was forced to file her petition before the original statute of limitations ran.

This aspect of Stevenson's argument is without merit. In *Jackson* the original statute of limitations had run prior to the effective date of the amended statute lengthening the period of limitations. The defendant's right to the statute of limitations defense had already vested when the longer statute of limitations became effective. In the present case, however, the City's statute of limitations defense had not yet vested when the notice statute became effective. Because there was not a vested right in the defense at the time K.S.A. 1987 Supp. 12-105b(d) became effective, retrospective application of the statute will not affect a vested defense.

Although Stevenson's argument that the City's vested defense prevents retrospective application of K.S.A. 1987 Supp. 12-105b(d) is misplaced, there is merit in the claim that retrospective operation of the statute will modify a vested right of Stevenson's. *Bailey v. Baldwin City,* 119 Kan. 605, 606, 240 Pac. 852 (1925), dealt with a problem similar to the one currently presented, wherein we denied retrospective application of a similar notice statute. The appellant was injured on May 23, 1922; on December 5, 1923, appellant provided notice of his claim to the city; on December 27, 1923, a statute was enacted (R.S. 1923 12-105) requiring written notice to the city clerk within three months of injury before an action could be maintained against a city; appellant's petition was filed on April 18, 1924.

This court found that the notice statute should operate prospectively and that the conditions precedent applied only to causes of action accruing after the statute became effective:

"The legislature had the power to fix conditions precedent to the maintenance of an action against the city, but a restrictive condition which did not allow a party *reasonable time* after the enactment to bring an action for the enforcement of an existing right or to make compliance with prescribed conditions would be invalid." 119 Kan. at 607. (Emphasis added.)

Were the revised statute to be applied retrospectively in *Bailey*, the appellant's claim would be barred immediately upon passage of the statute because three months had passed since the injury occurred. As there were no provisions dealing with the existing causes of action, retrospective application of the statute was deemed contrary to legislative intent and, therefore, denied. 119 Kan. at 607.

Although Stevenson's claim was not barred immediately upon the effective date of K.S.A. 1987 Supp. 12-105b(d), we are persuaded there was not a reasonable time after the enactment of the statute for her to comply with the notice requirements before bringing suit. K.S.A. 1987 Supp. 12-105b(d) became effective on July 1, 1987. Prior to that amendment, Stevenson's claim was barred by the statute of limitations on July 23, 1987. Therefore, Stevenson had only twenty-three days in which to comply with the new notice requirement of K.S.A. 1987 Supp. 12-105b(d) before the action was barred.

In *In re Estate of Reed,* 157 Kan. 602, 609, 142 P.2d 824 (1943), we found that filing an application for probate of a will within

two and one-half months following enactment of a shortened statute of limitations was reasonable:

"[T]he statute in force at the time the application for probate of the will was filed controls, *if it can be determined the new enactment gives a reasonable time for the commencing of a proceeding to probate a will before the expiration of the limitation provided for therein,* in cases where a decedent died prior to the date it became effective." (Emphasis added.)

Finally, the Kansas Court of Appeals recently considered a similar statute wherein the statute of limitations for filing a petition for probate of a will was shortened from nine months to six months. *In re Estate of Forrester,* 13 Kan. App. 2d 98, 104, 762 P.2d 198 (1988). K.S.A. 1985 Supp. 58-617 became effective after the testator's death but before the petition for probate had been filed. Relying upon the principles set forth in *In re Estate of Reed,* 157 Kan. 602, the Court of Appeals held that the statute in effect when a petition is filed controls if there is reasonable time to commence the proceeding before the expiration of the shortened limitation period provided in the amended statute. Therefore, since the appellant had three months remaining in which to file the petition under the amended statute, a reasonable amount of time, the statute was given retrospective application.

As the above cases indicate, we have consistently held that before a statute which affects substantive rights is applied retrospectively, a reasonable time must be given after enactment of the statute. It could be argued here that the statute provides a 120-day extension of the statute of limitations, and thus a reasonable time to commence a proceeding before the expiration of the limitation. However, this argument ignores the fact that Stevenson had only twenty-three days in which to provide notice of the claim. Such notice was necessary to activate the 120-day statute of limitations extension. We hold twenty-three days is not a reasonable time for Stevenson to comply with the amended K.S.A. 1987 Supp. 12-105b(d), and that the statute thus has no retrospective application to this case.

The judgments of the trial court and the Court of Appeals are reversed, and Gail Stevenson's cause of action is reinstated.

SIX, J., not participating.