(67 P.3d 166)
No. 89,674

CONNIE J. CUMMINGS, *Appellant*, v. CITY OF LAKIN, KANSAS, *Appellee*.

Opinion filed April 25, 2003.

*Mark E. McFarland*, of Doering, Grisell & McFarland, P.A., of Garden City, for appellant.

*Allen G. Glendenning*, of Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., of Great Bend, for appellee.

Before MARQUARDT, P.J., ELLIOTT, J., and WAHL, S.J.

WAHL, J.: Connie Cummings' personal injury action against the City of Lakin (City) was dismissed because the statute of limitations had run. She appeals. This is a date-driven case.

Cummings was injured on May 11, 2000, when she stepped on a manhole cover and fell. The cover was installed by the City allegedly in a negligent manner. On May 10, 2002, a notice of claim pursuant to K.S.A. 12-105b(d) was received by the City. Pursuant to K.S.A. 2002 Supp. 60-513(a)(4) the statute of limitations was due to expire on May 13, 2002, on Cummings' claim. Since May

11, 2002, was a Saturday, the limitation period was extended to Monday, May 13, 2002.

On July 2, 2002, the City denied Cummings' claim. Cummings' attorney received the letter denying the claim on July 8, 2002. On July 24, 2002, Cummings filed her petition in the Kearny County District Court.

The City filed a motion for judgment on the pleadings citing this court's ruling in *Martin v. Johnson County Comm'rs*, 18 Kan. App. 2d 149, 848 P.2d 1000 (1993), which considered the manner in which K.S.A. 12-105b(d) tolls the statute of limitations. *Martin* holds that "the statute of limitations is extended by the amount of time that elapses between the filing of the notice of claim with the municipality and its rejection." 18 Kan. App. 2d at 157.

The district court held that Cummings' petition should have been filed by July 11, 2002, 3 days after Cummings' attorney received the City's rejection letter, and that the statute of limitations had run and dismissed her petition.

"Interpretation of a statute is a question of law, and this court's review is unlimited. [Citation omitted.]" *Hamilton v. State Farm Fire & Cas. Co.*, 263 Kan. 875, 879, 953 P.2d 1027 (1998). "The interpretation and application of a statute of limitations is a question of law for which the court's review is unlimited. [Citation omitted.] Likewise, the court's review of conclusions of law is unlimited. [Citation omitted.]" *Brown v. State*, 261 Kan. 6, 8, 927 P.2d 938 (1996).

K.S.A. 12-105b(d) provides:

"Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first. A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the interested parties have reached a settlement before the expiration of that period. No person may initiate an action against a municipality unless the claim has been denied in whole or in part."

K.S.A. 12-105b(d) allows a claimant to extend the statute of limitations if the denial by the city is made after the statute of limitations bars the action. In considering this extension provision, the *Martin* court held:

"If the rejection period of a notice of claim filed pursuant to 12-105b(d) extends beyond the end of the statute of limitations period, the statute of limitations is extended by the amount of time that elapses between the filing of the notice of claim with the municipality and its rejection. The length of the extension of the statute of limitations will vary from case to case, but the longest possible extension of the statute of limitations would be 120 days." 18 Kan. App. 2d at 157.

This statute was again considered in *King v. Pimentel*, 20 Kan. App. 2d 579, 890 P.2d 1217 (1995), and that panel of this court held that the statute of limitations will be extended "by the amount of time that elapses between the filing of the notice of claim with the municipality and its rejection." 20 Kan. App. 2d 579, Syl. ¶ 6.

Both *Martin* and *King* leave a doubt about the computation of the extension period. Both decisions use the same language holding the statute of limitations will be extended "by the amount of time that elapses between the filing of the notice of claim with the municipality and its rejection." The question arises whether "rejection" means the date the governing body, in proper session, votes to deny the claim, the date the notice of rejection is deposited in the mail, or the date the notice of rejection is received by the claimant.

K.S.A. 12-105b(d) is very clear in stating: "Once notice of the claim is filed, no action shall be commenced *until after the claimant has received notice from the municipality* that it has denied the claim . . . ." (Emphasis added.)

Cummings also raises an issue about when the extension period begins—the date the notice of claim is mailed to the municipality or the date it was received by the municipality. Again, K.S.A. 12-105b(d) is very clear and requires: "The notice shall be *filed with the clerk or governing body* . . . ." (Emphasis added.)

The district court properly applied the statute by counting from the day the notice of claim was filed with the city clerk until the day the rejection letter was received by Cummings' attorney. This extension period will vary from case to case depending upon the length of time it takes the City to reject the claim. In this case, the statute of limitations was extended by 59 days. This was the number of days between May 10, 2002, when the notice of claim was filed

with the City, and July 8, 2002, the date when Cummings' attorney received the City's rejection letter.

The district court did not err in its ruling.

Affirmed.

ELLIOTT, J.: I concur with our holding that the present case is time barred under our holdings of *King v. Pimentel*, 20 Kan. App. 2d 579, 890 P.2d 1217 (1995), and *Martin v. Board of Johnson County Comm'rs*, 18 Kan. App. 2d 149, 848 P.2d 1000 (1993).

I write separately to emphasize the traps contained in K.S.A. 12-105b(d) and to echo the suggestion made by then Chief Judge Briscoe in *Martin*. The traps were discussed in Palmer & Snyder, *What Happened and What's Left After Judicial Scrutiny*, 57 J.K.B.A. 21, 28 (Nov./Dec. 1988). The first trap occurs where a claim is filed and the 120 days run shortly before the statute of limitations expires. The second trap occurs when the 120 days run or the denial itself is made after the statute of limitations expires. *Pimentel* and *Martin* define the second trap, but the first trap remains. See *Martin*, 18 Kan. App. 2d at 155-58.

I agree with the conclusion of Chief Judge Briscoe in *Martin* that a statute which makes a clear provision for a period of time during which a claimant may file an action after notice of claim is denied would eliminate both traps and is preferable to a statute such as K.S.A. 12-105b(d), which creates the traps. See 28 U.S.C. § 2401(b) (2000); 28 U.S.C. § 2675 (2000); *Martin*, 18 Kan. App. 2d at 158.

It is for the legislature to address this problem, should they feel a need to do so.