(70 P.3d 711)

No. 89,559

J.P. ASSET COMPANY, INC., *Appellant,* v. CITY OF WICHITA, *Appellee,* and CORNEJO & SONS, INC., GOSSEN LIVINGSTON ASSOCIATES, INC., and KEY CONSTRUCTION, INC., *Defendants.*

Opinion filed June 13, 2003.

*Jeffrey E. Goering,* of Thompson, Stout & Goering, LLC, of Wichita, for appellant.

*Michael L. North,* assistant city attorney, and *Gary E. Rebenstorf,* city attorney, for appellee.

Before KNUDSON, P.J., MARQUARDT, J., and PADDOCK, S.J.

MARQUARDT, J: J.P. Asset Company, Inc. (JP) appeals the trial court's grant of summary judgment to the City of Wichita (City). We affirm in part and reverse in part.

The City owned the Woolworth building on South Market Street. The Woolworth building shared a party wall with the 100 South Market Street building. A party wall agreement for these two buildings had been executed in 1892. That agreement was amended in 1935 and 1938. The agreement required that the cost of any repairs to the party wall were to be divided between the owners of the two buildings on a pro rata basis.

In 1994, the City contracted with Cornejo and Sons, Inc. (Cornejo) for the demolition of the Woolworth building. After the demolition, Cornejo filled in the basement area. The east foundation wall was braced to restrain lateral pressure. The work cost $41,400.

JP purchased the 100 South Market Street building in December 1995 for $135,000. According to JP, at the time of purchase there was no water damage or cracks in the walls or footings of the building.

In August 1999, a "substantial amount of water" and black mold were observed in the basement of the 100 South Market Street building. There was also a pool of water near the foundation on the outside of the building. JP estimated the damage to the building to be at least $75,000. JP sold the building in April 2000 for $370,000 without repairing the damage.

In June 2001, JP filed a lawsuit claiming breach of the party wall agreement. In August 2001, JP sent a letter to the City pursuant to K.S.A. 12-105b claiming damages in tort caused by negligence

and trespass. The City denied JP's tort claim. In October 2001, JP filed a motion to amend its petition, which was granted; however, the trial court reserved judgment on whether JP's tort claims would be barred by the statute of limitations.

Prior to trial, all of the defendants except the City were dismissed. The City filed a motion for summary judgment, claiming that it did not breach any contractual duty to protect the party wall and that JP's tort claims were barred by the statute of limitations.

The trial court granted the City's motion for summary judgment. It found that the City had no legal duty to repair or maintain the party wall in the manner alleged by JP, and JP's tort claims were barred by the statute of limitations. JP timely appeals.

JP argues that the trial court erred when it found the City owed no legal duty under the party wall agreement. JP notes that the destruction of the Woolworth building left an interior wall, which was comprised of soft and porous brick, exposed to the elements.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. When opposing a motion for summary judgment, an adverse party must come forward with evidence to establish a dispute as to a material fact. On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied. *Mitchell v. City of Wichita*, 270 Kan. 56, 59, 12 P.3d 402 (2000).

The existence of a legal duty is a question of law to be determined by the trial court. *McGee v. Chalfant*, 248 Kan. 434, 437, 806 P.2d 980 (1991). Whether a duty has been breached is a question of fact. *Lay v. Kansas Dept. of Transportation*, 23 Kan. App. 2d 211, 215, 928 P.2d 920 (1996), *rev. denied* 261 Kan. 1085 (1997).

The term "party wall" has been defined as "a wall built next to, or astride, a boundary line and designed to serve simultaneously as

the exterior wall of two adjacent structures." 9 Powell on Real Property § 61.01 (2000).

The owner of a building sharing a party wall may remove that party's building without liability to the adjoining owner so long as notice of the removal is given to the adjoining owner and reasonable care is used to protect the structural integrity of the party wall and avoid damage to the adjoining owner's building. The purpose of the notice is so that the other owner can protect its property. *Lambert v. City of Emporia*, 5 Kan. App. 2d 343, 345, 616 P.2d 1080 (1980).

In the *Lambert* case, this court held that the duty of the City, as an adjoining owner, was to give notice of demolition and to use reasonable care to protect the party wall of the other owner's building. The court refused to find that the City was negligent for exposing a gap between the ceiling and roof of the remaining building, which allowed water to leak into the other building. 5 Kan. App. 2d at 346-47.

In the absence of a statute to the contrary, the owner removing a building is "not under a duty to protect the party wall against the elements by covering exposed portions, as long as the demolition work is performed properly." 9 Powell on Real Property § 61.04[5].

Keith Schoenwald, JP's expert witness, testified that he believed water entered the basement of JP's building because of surface water runoff caused by faulty soil compaction, which ultimately compromised the integrity of the party wall. In his deposition, Schoenwald testified that he was not "really questioning the structural integrity of the wall." In his written report, Schoenwald noted that the reinforcement plans completed by the City included strengthening of the basement wall with additional waterproofing. Schoenwald concluded, "It does appear that from a design standpoint, great care was taken."

There is no evidence in the record on appeal that exposure of the party wall led to any structural instability. We find that the trial court did not err by granting the City's motion for summary judgment.

JP argues that the trial court erred when it ruled the tort claims were barred by the statute of limitations. JP contends that the stat-

ute of limitations is not an issue because the original petition, alleging breach of contract, tolled the statute of limitations for any related tort claims. JP relies on K.S.A. 2002 Supp. 60-215(c).

The interpretation and application of a statute of limitations is a question of law for which the court's review is unlimited. This court's review of conclusions of law is also unlimited. *Dougan v. Rossville Drainage Dist.*, 270 Kan. 468, 472, 15 P.3d 338 (2000).

K.S.A. 2002 Supp. 60-215(c) reads, in relevant part:

"An amendment of a pleading relates back to the date of the original pleading when:
(1) The claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

K.S.A. 2002 Supp. 60-215(c) allows the amendment of a claim to relate back to the original date of filing if the requirements of the rule are met. It is generally a narrowing of the exception to the general rule of relation back. Generally speaking, if the pleader stays within the subject matter of his or her original pleading, the amendment relates back if the original pleading shows an attempt to state a claim on the basis of the identified subject matter. *Cooper v. Hutchinson Police Department*, 6 Kan. App. 2d 806, 808, 636 P.2d 184 (1981), *rev. denied* 230 Kan. 817 (1982).

K.S.A. 12-105b(d) reads, in relevant part:

"Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action . . . . Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first. A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the interested parties have reached a settlement before the expiration of that period."

In K.S.A. 12-105b(d), the legislature specifically addressed the time for filing an action by noting:

"Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, if compliance with the provisions of this subsection would otherwise result in the barring of an action, such time period shall be

extended by the time period required for compliance with the provisions of this subsection."

Compliance with K.S.A. 12-105b(d) is mandatory, and no action can be maintained until such statement is filed. *Tucking v. Board of Jefferson County Comm'rs,* 14 Kan. App. 2d 442, 445, 796 P.2d 1055, *rev. denied* 246 Kan. 770 (1990). However, only tort victims are required to present written notice before filing suit; contract claims do not require prior written notice. *Wiggins v. Housing Authority of Kansas City,* 19 Kan. App. 2d 610, 613, 873 P.2d 1377, *rev. denied* 255 Kan. 1007 (1994).

The language of K.S.A. 12-105b(d) makes clear the legislature's intent to insure that a party complying with the statute's notice of claim provisions will not be prejudiced if during the 120-day rejection period the statute of limitations expires. *Martin v. Board of Johnson County Comm'rs,* 18 Kan. App. 2d 149, 157, 848 P.2d 1000 (1993).

If the rejection period for a notice of claim filed pursuant to K.S.A. 12-105b(d) extends beyond the end of the statute of limitations period, the statute of limitations is extended by the amount of time that elapses between the filing of the notice of claim and its rejection by the governmental entity. The length of the extension of the statute of limitations will vary from case to case, but the longest possible extension of the statute of limitations would be 120 days. *Martin,* 18 Kan. App. 2d 149, Syl. ¶ 2; see *King v. Pimentel,* 20 Kan. App. 2d 579, 591-92, 890 P.2d 1217 (1995).

It took the City 40 days to deny JP's tort claims. JP filed his motion to amend his petition 14 days after the City's denial. The amended petition was filed 30 days after the denial from the City. According to the plain language of *Martin,* the statute of limitations governing JP's tort claims was extended by 40 days. The amended petition was filed within the applicable statute of limitations. Accordingly, the trial court erred by not ruling on the merits of JP's tort claims.

Much confusion has resulted in the interpretation of K.S.A. 12-105b(d). It would be helpful if K.S.A. 12-105b(d) were amended by the legislature to conform with the time frames in the Federal

Tort Claims Act statute, 28 U.S.C. § 2675 (2000), so there would be uniformity in the time frames for filing tort claims against governmental entities in Kansas. See *Cummings v. City of Lakin*, 31 Kan. App. 2d 532, 67 P.3d 166 (2003) (Elliott, J., concurring).

The trial court's grant of summary judgment to the City on JP's contract claims is affirmed; the case is remanded to the trial court for a decision on the merits of JP's tort claims.

KNUDSON, J., concurring in part and dissenting in part: I respectfully dissent from the majority's holding that JP's tort claims were filed in a timely manner under K.S.A. 12-105b(d). Even JP does not advance such an argument, recognizing that either K.S.A. 2002 Supp. 60-215(c) applies or the tort claims are barred by the statute of limitations.

Under the uncontroverted facts of this case, the majority's error in reasoning is caused by computing the 40-day extension of the statute of limitations from the date the claim was denied by the City. That is not the law. The 40-day extension is from the date the statute would have otherwise run. See *King v. Pimentel*, 20 Kan. App. 2d 579, 591-92, 890 P.2d 1217 (1995); *Martin v. Board of Johnson County Comm'rs*, 18 Kan App. 2d 149, 157-58, 848 P.2d 1000 (1993). A summary of relevant events is helpful:

| | |
|---|---|
| August 19, 1999 | JP's cause of action accrues |
| August 17, 2001 | JP files notice of claim with the City |
| September 26, 2001 | City denies claim |
| October 10, 2001 | JP files motion to amend its petition to assert tort claims against the City |

We all agree that under the above time line it took the City 40 days to deny JP's tort claim. Consequently, under K.S.A. 12-105b(d), as interpreted in *Martin*, the 2-year statute of limitations was extended for 40 days until September 28, 2001. Clearly, JP's motion to amend its petition to assert tort claims was not timely unless K.S.A. 2002 Supp. 60-215(c) is applicable.

As I already observed, JP does not even present as an issue interpretation of K.S.A. 12-105b(d) as now urged by the majority. Indeed, at oral argument, JP's appellate counsel conceded the tort claim is barred unless K.S.A. 2002 Supp. 60-215(c) is applied.

As a result of its erroneous interpretation of K.S.A. 12-105b(d), the majority does not address the question raised by the parties in this appeal: Did the trial court err in not permitting JP's tort claims to relate back to the date of the original petition?

K.S.A. 2002 Supp. 60-215(c) states, in material part, that whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

K.S.A. 12-105b(d) provides, in material part:

"Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, if compliance with the provisions of this subsection would otherwise result in the barring of an action, such time period shall be extended by the time period required for compliance with the provisions of this subsection."

In considering the interplay between K.S.A. 2002 Supp. 60-215(c) and K.S.A. 12-105b(d), we are mindful that "[g]eneral and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling." *In re Estate of Antonopoulos*, 268 Kan. 178, 189, 993 P.2d 637 (1999).

I conclude K.S.A. 12-105b(d) controls, and a party intending to file a tort claim against a governmental entity is not allowed to do an end run around its strictures under a theory of relation back of claims. I would affirm the judgment of the trial court.