No. 89,674

CONNIE J. CUMMINGS, *Appellant,* v. CITY OF LAKIN, KANSAS, *Appellee.*

(80 P.3d 356)

Opinion filed December 12, 2003.

*Mark E. McFarland,* of Doering, Grisell & McFarland, P.A., of Garden City, argued the cause and was on the brief for appellant.

*Allen G. Glendenning,* of Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., of Great Bend, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

NUSS, J.: This case concerns the interpretation of the notice of claims statute, K.S.A. 2002 Supp. 12-105b. Based upon the district court's interpretation, it dismissed Connie Cummings' personal injury lawsuit against the City of Lakin as untimely. The Court of Appeals affirmed in *Cummings v. City of Lakin,* 31 Kan. App. 2d 532, 67 P.3d 166 (2003). We granted Cummings' petition for review, since another panel of the Court of Appeals appears to have reached dissimilar results 2 months later when it interpreted the same statute. See *J.P. Asset Co. v. City of Wichita,* 31 Kan. App. 2d 650, 70 P.3d 711 (2003).

We consider two closely-related issues on appeal:

1. What is the length of the extension of time provided to a claimant by K.S.A. 2002 Supp. 12-105b(d) when a claim is denied after the statute of limitations has expired?

2. When does the statutory extension of time begin, *i.e.*, from the expiration of the original statute of limitations or from the time the claimant receives denial of the claim?

The lower courts in the instant case extended, beginning from the expiration date of Cummings' original statute of limitations, by the actual amount of time that elapsed between the filing of her notice of claim with the City of Lakin and her attorney's receipt of the City's denial. We affirm.

## FACTS

Connie Cummings was injured when she stepped on a manhole cover and fell in the City of Lakin (City). She alleges the City installed the cover in a negligent manner. The following timeline is important to our determination of whether her lawsuit against the City to recover damages for her injuries was timely filed:

May 11, 2000: Cummings was injured.

May 10, 2002: City receives Cummings' notice of claim pursuant to K.S.A. 2002 Supp. 12-105b(d).

May 13, 2002: Statute of limitations was due to expire pursuant to K.S.A. 2002 Supp. 60-513(a)(4), since May 11, 2002, (2 years from the injury) was a Saturday.

July 2, 2002: The City denied Cummings' claim.

July 8, 2002: Cummings' attorney received the City's letter of denial.

July 24, 2002: Cummings filed her petition in the Kearny County District Court.

November 5, 2002: 120 days from Cummings' attorney's receipt of the denial letter.

After oral arguments on the City's motion for judgment on the pleadings, the district court granted the motion on September 19, 2002. Among other things, it found that while K.S.A. 2002 Supp. 12-105b(d) extended the statute of limitations, Cummings' lawsuit needed to have been filed by July 11 to be timely. It specifically found that the filing of her notice of claim with the City did not

automatically extend the statute of limitations by 120 days, but only for the time during which the City had been considering the claim.

The Court of Appeals affirmed. After examining the statute and its opinions in *Martin v. Board of Johnson County Comm'rs*, 18 Kan. App. 2d 149, 848 P.2d 1000 (1993), and *King v. Pimentel,* 20 Kan. App. 2d 579, 890 P.2d 1217 (1995), the court held that the statute of limitations is extended by the actual amount of time that elapses between the filing of the notice of claim and the claimant's receipt of the denial. Under Cummings' facts, the statute of limitations was therefore extended to July 11, *i.e.,* by 59 days. "This was the number of days between May 10, 2002, when the notice of claim was filed with the City, and July 8, 2002, the date when Cummings' attorney received the City's rejection letter." 31 Kan. App. 2d at 534-35.

Two months later a somewhat different panel of the Court of Appeals filed *J.P. Asset Co. v. City of Wichita*, 31 Kan. App. 2d 650. There, the court considered the 40-day period which the City of Wichita had taken to deny plaintiff's claims. A split panel applied the 40-day extension to the date the claim was denied by the City, not to the earlier date when the statute of limitations would have otherwise expired. The City's petition for review is pending before this court.

## ANALYSIS

Issue 1: *What is the length of the extension of time provided to a claimant by K.S.A. 2002 Supp. 12-105b(d) when a claim is denied after the statute of limitations has expired?*

Cummings generally contends the Court of Appeals in the instant case misconstrued K.S.A. 2002 Supp. 12-105b(d) by relying upon *Martin v. Board of Johnson County Comm'rs*, 18 Kan. App. 2d 149. She argues we should overrule *Martin*. Citing *Stevenson v. Topeka City Council*, 245 Kan. 425, 781 P.2d 689 (1989), she specifically contends the proper interpretation of the statute would provide a claimant with a blanket 120-day extension, regardless of how long the governmental entity reviewed the claim.

Second, citing *J.P. Asset Co.* she also specifically contends the proper interpretation of the statute would apply the 120-day ex-

tension to the date the claimant receives the entity's denial, not to the date the statute of limitations would originally have expired. Combining her readings of *Stevenson* and *J.P. Asset Co.*, she calculates her deadline for filing suit as November 5, 2002 — 120 days after her attorney received the City's denial of her claim on July 8.

The City responds that the Court of Appeals was correct in *Martin, Pimentel,* and the instant case, and Cummings misinterprets this court's holding in *Stevenson.*

While these two issues will be analyzed separately below, they both require us to interpret K.S.A. 2002 Supp. 12-105b(d). Statutory interpretation is a question of law, and this court's scope of review is unlimited. *State v. Anthony,* 274 Kan. 998, 999, 58 P.3d 742 (2002). The statute states:

"Any person having a claim against a municipality which could give rise to an action brought under the Kansas tort claims act [K.S.A. 75-6101 *et seq.*] shall file a written notice as provided in this subsection before commencing such action. . . . Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first. A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the interested parties have reached a settlement before the expiration of that period. No person may initiate an action against a municipality unless the claim has been denied in whole or part. *Any action brought pursuant to the Kansas tort claims act shall be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, if compliance with the provisions of this subsection would otherwise result in the barring of an action, such time period shall be extended by the time period required for compliance with the provisions of this subsection.*" (Emphasis added.)

Contrary to Cummings' first contention regarding a blanket 120-day extension, the *Martin* court had interpreted 12-105b(d) and stated the length of the extension would vary from case to case depending upon the length of time that elapses between the filing of the notice of claim with the governmental entity and its denial. 18 Kan. App. 2d at 157. The same statutory language was given the same interpretation by the Court of Appeals 2 years later in

*King v. Pimentel*, 20 Kan. App. 2d 579, Syl. ¶ 6, 890 P.2d 1217 (1995).

In support of Cummings' contention that *Martin* and *Pimentel* were wrongly decided and that she is entitled to a blanket extension of 120 days, she cites *Stevenson*, 245 Kan. 425. There, we considered whether the newly enacted requirements of 12-105b(d) applied to Stevenson's claim when the statute of limitations governing that claim expired 23 days after the statute was enacted on July 1, 1987. We ruled the statute did not apply retroactively to her claim because 23 days was not a reasonable period of time in which to comply with the new statute, and we reinstated her cause of action. We agree with Cummings that *Stevenson* contained the following language:

"It could be argued here that the statute provides a 120-day extension of the statute of limitations, and thus a reasonable time to commence a proceeding before the expiration of the limitation. However, this argument ignores the fact that Stevenson had only twenty-three days in which to provide notice of the claim. Such notice was necessary to activate the 120-day statute of limitations extension." 245 Kan. at 430.

Cummings' reliance on this language, however, is misplaced. We agree with the Court of Appeals in *Martin,* 18 Kan. App. 2d at 155, holding this language was dicta. K.S.A. 12-105b(d) simply did not apply to Stevenson's claim, much less any extension under that statute.

Moreover, Cummings' statutory interpretation is contradicted by the plain language of K.S.A. 2002 Supp. 12-105b(d). It states that any action "shall be commenced within the time period provided for in the code of civil procedure," *i.e.,* allowed by the statute of limitations, and that "such time period shall be extended *by the time period required for compliance with the provisions of this subsection.*" (Emphasis added.) When construing a statute, we should give words in common usage their natural and ordinary meaning. *International Ass'n of Firefighters v. City of Kansas City*, 264 Kan. 17, Syl. ¶ 2, 954 P.2d 1079 (1998). This rule prohibits us from rewriting K.S.A. 2002 Supp. 12-105b(d) to give Cummings a blanket 120-day extension. We therefore affirm the Court of Ap-

peals' rationale in *Martin, Pimentel,* and the instant case on this issue.

This affirmation is also consistent with the balanced legislative purposes behind K.S.A. 2002 Supp. 12-105b. On the one hand, the notice of claim requirement affords a municipality an opportunity to review and investigate tort claims against it and to approve or deny such claims before having to litigate an action under the Kansas Tort Claims Act. *King,* 20 Kan. App. 2d at 590. On the other hand, although there is no legislative history, the language of the statute makes clear the legislature's intent to insure that a party complying with the statute's notice of claim provisions will not be prejudiced if during the rejection period the statute of limitations expires. See *Martin,* 18 Kan. App. 2d at 157. Extending the period for filing suit only by the exact amount of time during which the entity considered the claim results in no prejudice against — and just as important, also no advantage to — the claimant. Cummings' interpretation, however, accomplishes more than mere erasure of any prejudice. It creates an additional enlargement of time without any basis in policy.

We are not turning a blind eye to the "traps" that can befall a litigant in the timing of the notice of claim. The pitfalls have been noted repeatedly. In *Martin,* the Court of Appeals stated:

"While it is true, as the Board notes, that the legislature could have specifically provided for the extension of the limitations period in all cases for the length of the rejection period, the legislature apparently intended the extension to be contingent, as Martin argues, upon whether the claim was rejected or 120 days passed before expiration of the limitations period. As written, the statute creates two different rules which are applicable to the filing of an action after a claim is denied. The applicability of either is contingent upon whether the claim was denied before or after the statute of limitations. These are the two 'traps' identified in 57 J.K.B.A. 21, 28 (Nov./Dec. 1988).

"While our interpretation of 12-105b(d) would eliminate the second trap, the first trap remains. *The first trap could also be eliminated by amendment of the statute to clearly provide a period for a claimant to file an action after a claim has been denied. Under the Federal Tort Claims Act, a claimant has two years to present a claim to the appropriate agency and six months after that agency denies the claim to initiate an action. 28 U.S.C. § 2401(b) (1988); 28 U.S.C. § 2675 (1988). A statute which makes clear provision for a period during which a claimant is to*

*file an action after the notice of claim is denied is preferable to a statute such as 12-105b(d) which creates traps."* (Emphasis added.) 18 Kan. App. 2d at 157-58.

We agree with the concurring opinion of Judge Elliott in the Court of Appeals opinion in the instant case, *i.e.*, it is for the legislature to address this problem, should it feel a need to do so. To date, 10 years after *Martin*, it has not.

Issue 2: *When does the extension begin, i.e., from the expiration of the original statute of limitations or from the time the claimant receives denial of the claim?*

For Cummings' second argument, she contends the proper interpretation of the statute would apply the extension to the date the claimant receives the denial, not to the date the statute of limitations would originally have expired. As previously noted, she cites *J.P. Asset Co.* as support, and our scope of review is unlimited.

Her interpretation, and the relied upon holding in *J.P. Asset Co.*, are incorrect. The statutory language is clear:

"Any action brought pursuant to the Kansas tort claims act shall be commenced *within the time period provided for in the code of civil procedure* or it shall be forever barred, except that, if compliance with the provisions of this subsection would otherwise result in the barring of an action, *such time period shall be extended* by the time period required for compliance with the provisions of this subsection." (Emphasis added.) K.S.A. 2002 Supp. 12-105b(d).

As mentioned regarding issue 1, this language clearly establishes that the time period provided for in the code of civil procedure for filing lawsuits, *i.e.*, allowed by the statute of limitations, shall be extended. It logically follows that the extension starts with the date the original statute of limitations was to expire, not the date upon which the claimant received the denial. Once again, this interpretation is not only mandated by the clear language of the statute, but it is also consistent with one of the legislative purposes, *i.e.*, not to prejudice the claimant.

Cummings' reading would not prejudice the claimant. As with her position regarding issue 1, however, her reading would unfairly benefit the claimant because it extends the lawsuit filing deadline by a time period greater than that specifically lost to the claimant by the entity's review process. We will not rewrite K.S.A. 2002

Supp. 12-105b(d) to provide Cummings an extension from the date she received denial of the claim. Consequently, the contrary rationale and holding in *JP Asset Co.* is disapproved.

In short, we hold that if the rejection period of a notice of claim filed pursuant to K.S.A. 2002 Supp. 12-105b(d) extends beyond the end of the statute of limitations period, the statute of limitations is extended by the amount of time that elapses between the filing of the notice of the claim with the governmental entity and claimant's receipt of its denial, or 120 days, whichever occurs first.

Here, the City received notice of Cummings' claim on May 10, 2002. Her attorney received the City's denial letter on July 8. Adding this lapse of time, 59 days, to May 13, 2002 — the original deadline imposed by the statute of limitations — would extend the filing deadline to July 11, 3 days after Cummings' attorney's receipt of the denial. Cummings filed suit 13 days later than this deadline, on July 24. Accordingly, the district court properly dismissed her lawsuit as untimely, and the Court of Appeals properly affirmed the dismissal.

Affirmed.

BEIER, J., not participating.

BRAZIL, S.J., assigned.